## WILSON et al. v. AMMANN & JORDAN.

### No. 14398.

Court of Civil Appeals of Texas. Fort Worth.

June 19, 1942.

Rehearing Denied July 10, 1942.

J. R. Wilson and George A. Smoot, both of Wichita Falls, for appellants.

L. V. Abernathy, of Wichita Falls, for appellee.

McDONALD, Chief Justice.

This suit was brought by the partners composing the partnership of Ammann & Jordan, against J. R. Wilson, to recover the balance alleged to be due on a note given by Wilson as part of the purchase price of an automobile. Plaintiffs also sued to foreclose a chattel mortgage lien on the automobile, and asked that a receiver be appointed to keep possession of the automobile during the pendency of the suit.

Wilson answered, alleging, among other things, that a suit had theretofore been filed in another of the district courts in Wichita County by Fritz Motor Company against Ammann & Jordan, in which Fritz Motor Company claimed the existence of usury in certain loan transactions between said parties, and in which it sought to recover the title and possession of certain automobile notes. Wilson further alleged in his answer that the note he executed was among those involved in the suit between Fritz Motor Company and Ammann & Jordan, and that the ownership of the note was among the issues to be determined in both suits, and that the suit against Wilson "should be abated and/or consolidated with" the suit between Fritz Motor Company and Ammann & Jordan. Wilson further alleged, in effect, that as between him and Fritz Motor Company the note had been fully paid, and that no indebtedness was due thereon if it should be determined that Fritz Motor Company was the owner of the note.

Wilson further alleged that a receivership was being sought in the suit between Fritz Motor Company and Ammann & Jordan; and also that the latter suit involved many notes and many issues which would have to be adjudicated before it could be determined whether Ammann & Jordan or Fritz Motor Company owned the Wilson note.

The statement of facts shows an oral statement made upon the trial by counsel representing Fritz Motor Company, to the effect that Fritz Motor Company desired to intervene in the Wilson suit, and that it adopted "the motion, the plea in abatement made in this case", referring, perhaps, to the pleadings filed by Wilson. The statement of facts also contains a statement by the court reporter to the effect that permission to file the intervention was granted by the court. The transcript, however, does not contain any pleadings filed on behalf of Fritz Motor Company, although the order of the court which is appealed from

recites that hearing was had upon the motion of the defendant Wilson, adopted by the intervener Fritz Motor Company.

We will assume for the moment that Fritz Motor Company has actually filed pleadings to the effect above indicated, but expressly without holding that a showing to that effect has been made in the record on appeal.

The trial court overruled the motion to abate "and/or" consolidate the Wilson case with the Fritz Motor Company case, and appointed a receiver to take charge of the automobile. Both Wilson and Fritz Motor Company have appealed, predicating their appeal upon eight points.

■ The first, fourth, fifth and sixth points complain of the action of the trial court in overruling the pleas in abatement and in refusing to consolidate the two causes. These were merely interlocutory orders of the trial court, and are not appealable. Complaint of them can be made only upon an appeal from such final judgment as may be rendered in the case. See full discussion in 3 Tex.Jur., p. 105 et seq., relating to kinds of orders and judgments from which appeals may lie.

The second, third and eighth points present the contention that the res involved in the case on appeal is in the legal custody of the court in which the Fritz Motor Company case is pending, particularly in view of the fact that a receivership was being sought in that case, and that the appointment of a receiver in the present case will interfere with the jurisdiction already acquired by the other district court.

We do not consider that a conflict in the jurisdiction of the two courts in this respect is yet presented. If a receiver is appointed in the Fritz Motor Company case for the purpose of taking charge of all the notes involved, including the Wilson note, he can doubtless intervene in the present suit and properly and effectively protect the interests of the contesting claimants to the note. Under our Texas practice, which provides for only one final judgment in a case, a receiver in charge of many notes would likely bring separate suits on delinquent notes, rather than undertake to maintain actions against the various makers of the notes by some character of proceedings in the main suit, granting for the sake of argument that such could be done.

A hardship may be placed upon the maker of the note, in that, to avail himself of the defense of having paid the note to Fritz Motor Company, he will have to prove that Fritz Motor Company was the owner of the note. On the other hand, it would be unreasonable to say that none of the makers of the notes in question, if delinquent in their payments, could be sued before the final termination of the suit between Fritz Motor Company and Ammann & Jordan. Furthermore, in the present case it appears from the testimony of the maker of the note that his payment of the note to Fritz Motor Company was made by way of legal services rendered to the latter in preparing and prosecuting the suit against Ammann & Jordan. Obviously such services were rendered at a time when Wilson knew that there was a dispute as to the ownership of the note, and that the payment of the note in such manner would prove to be a nullity should Ammann & Jordan be declared the owner of the note.

■■ The trial court has great discretion upon questions of joinder of parties and causes of actions, and of consolidation or separation of causes, more especially under the new rules of Civil Procedure. Rules No. 37 to No. 43, inclusive, Rule No. 97, and Rule. No. 174. We find no abuse of discretion on the part of the trial court in the appointment of the receiver, as against the objections presented in Points 2, 3 and 8.

■ The seventh point charges that there was no proof of necessity for the appointment of a receiver, or of probable cause therefor, in that the plaintiff Ammann testified that he did not know the condition of the automobile, and did not know its value.

Ammann testified that he did not know the condition of this car, but that if it was in fair condition it would be worth $600, basing his estimate upon the value of cars of like model and manufacture. It was undisputed that the car had recently been involved in a wreck, and that it had not been fully repaired, although Wilson testified that the damage done was comparatively slight. It was undisputed that five monthly instalments on the note were past-due, if Ammann & Jordan were the owners of the note. The amount unpaid on the note, including interest and attorney's fees, was in excess of $700, and there was

testimony that the car would depreciate in value at the rate of three per cent per month. We consider that there was evidence from which the trial court could find, to use the language of Art. 2293, Sect. 2, that "the condition of the mortgage has not been performed and the property is probably insufficient to discharge the mortgage debt".

The judgment of the trial court is affirmed.