**RAILROAD COMMISSION et al. v. SHELL OIL CO., Inc.**

No. 9226.

Court of Civil Appeals of Texas. Austin.

Sept. 16, 1942.

Rehearing Denied Oct. 7, 1942.

Gerald C. Mann, Atty. Gen., and Ed Roy Simmons and Geo. W. Barcus, Asst. Attys. Gen., all of Austin, Texas, for appellant Railroad Commission of Texas.

· W. Edward Lee, of Tyler, for appellant Roosth & Genecov Production Co.

R. H. Whilden, of Houston and Greenwood, Moody & Robertson, and J. B. Robertson, all of Austin, for appellee.

McCLENDON, Chief Justice.

Rule 37 case. The appeal is from a final judgment cancelling a permit to drill a seventh well upon a 7.39-acre tract in the East Texas Oil Field, and enjoining production thereunder. The permit was granted as an exception to Rule 37 in order to prevent confiscation and to prevent waste; but it was conceded that the permit could not be upheld upon the confiscation theory, and that only the issue of waste was involved. All parties defendant have appealed.

Appellant Roosth & Genecov Production Company (called herein the corporation), the only defendant below except the Railroad Commission and its members, assigns error upon the overruling of its plea in abatement asserting a defect of necessary parties defendant. The pertinent facts, as shown by the record, are these: The application was upon a printed form of the Commission. Under the heading, "Name of company or operator," is the following:

"Name Roosth & Genecov

"Address Unit Holder Lease

"City Tyler, Texas."

This is all the application shows with reference to the lease or its ownership. Whether Roosth & Genecov is a corporation or other legal entity does not appear. We assume the expression "Unit Holder Lease" is descriptive of the lease and was improperly inserted on the line for the "address". The original petition is not included in the transcript and the date suit was filed does not appear, but the original answer of the Commission was filed March 15, 1941. May 22, 1941, the corporation filed its first amended answer; and on the same day it filed its plea in abatement. Its original answer does not appear in the record. The case was tried and judgment rendered May 22, 1941. The term at which trial was had began on the third Monday in March (March 17, 1941). When the case was called for trial counsel for the corporation announced that he would file a plea in abatement, and the judgment shows the plea was overruled before announcement of ready for trial. In the first count of the plea it was alleged that: The lease was owned by 55 separate individuals whose names and residences were listed; five of whom lived in other states: one each in Chicago, Illinois; St. Louis, Missouri; Jasper, Alabama; Jackson, Tennessee; and Monroe, Michigan. The corporation owned no interest in the lease or permit; but after the permit was granted it contracted with the owners to and did drill the well "and since said time has been and is now flowing said well and making the production therefrom for the owners." The second count urged that the royalty owners (five in number who were listed as to names and residence) were necessary parties.

As to the second count: it has already been adjudicated by this court that royalty owners are not necessary parties to a suit of this character. Shell P. Corp. v. Railroad Comm., Tex.Civ.App., 137 S.W. 2d 797; Railroad Comm. v. Humble O. & R. Co., Tex.Civ.App., 101 S.W.2d 614, reversed on another ground, 133 Tex. 330, 128 S.W.2d 9.

We hold that the plea as to its first ground was properly overruled for each of the following reasons:

1. The plea was manifestly not filed until after the corporation had answered to the merits and therefore came too late. 1 Tex.Jur., pp. 167–169, § 122.

2. It was essential to offer proof in support of the plea, even though it was verified, and this was not done. 1 Tex.Jur., pp. 180, 181, § 131, and authorities cited in note 17, p. 181.

3. The permit was applied for as a "unit holder lease," and the lease and well were in possession of the corporation and production was by it for the benefit of the owners under contract, and therefore by authority of the owners. The plea therefore failed to show that the interest of the owners was substantially different from that of royalty owners.

4. It conclusively appeared that the permit could not be supported upon the ground of confiscation, which was the only issue in which the owners had any justiciable

interest. The issue of waste affected only the rights of the State and the public in the conservation of oil and gas, natural resources; which rights were fully protected by the Commission.

■ Upon the merits of the appeal, which involve only the issue of waste, the case is ruled by the decision in the Trem Carr case (Railroad Comm. v. Shell O. Co., Tex.Civ.App., 154 S.W.2d 507, affirmed Tex.Sup., 161 S.W.2d 1022). The evidence in this case was in every essential respect the same as that in the Trem Carr case. The lease was located in the immediate vicinity of the Trem Carr lease, and the same general conditions were testified to in both cases. The case was briefed and submitted after our decision in the Trem Carr case and before the decision of the Supreme Court in that case, appellants contending that our decision in that case was wrong. There is no contention in the briefs that there is any substantial distinction between the two cases. We have held the case under submission pending the Supreme Court's decision in the Trem Carr case. It would serve no useful purpose to encumber this opinion with a resume of the facts which would be but a reiteration of those already detailed in the Trem Carr case, to which we refer.

The trial court's judgment is affirmed.
Affirmed.