## T. B. McDonald et al v. J. C. Alvis et al

No. A-5230. Decided July 20, 1955.
(281 S.W. 2d Series 330)

*Carney & Mays, Abe M. Mays, Jr.,* and *Howard Carney,* of Atlanta, and *Woodrow Edwards,* of Mt. Vernon, for petitioners.

*R. T. Wilkinson* and *Leonard Passmore,* of Mt. Vernon, for respondents.

Mr. Justice Culver delivered the opinion of the Court.

In October of 1951 Alvis and wife brought this suit to cancel a certain mineral deed executed by them to one Kelley on

May 14, 1937, alleging fraud. The trial court withdrew the case from the jury and rendered judgment that the plaintiffs take nothing.

On appeal, by Alvis and wife, the Court of Civil Appeals reversed and remanded for another trial, holding on its own motion that all necessary parties were not before the court and despite a motion for rehearing joined in by both partits, plaintiff and defendant, requesting the court to consider the cast on its merits. 276 S.W. 2d 957. In this we think the Court of Civil Appeals was in error.

It appears that negotiations leading up to the execution of the 1937 dted to Kelley were conducted between Alvis and Dove McDonald. In 1940 Kelley conveyed all of his interest by warranty deed to T. B. and Claude McDonald, trustees. On the trial the evidence showed that Dove and Charlie McDonald were beneficiaries of the trust in the deed from Kelley to the trustees. All four of the McDonalds were brothers and owned the property in common. Dove McDonald appeared and testified in the case.

Kelley, a brother-in-law of Dove McDonald, died prior to the institution of this suit. His unknown heirs are not necessary parties, for the reason that Kelley had conveyed all of his interest to the McDonalds and no relief of any kind or character was sought against the estate of Kelley or his unknown heirs. Antwine v. Reed, 145 Texas 521, 199 S.W. 482.

"A 'necessary party' to a suit, according to the general understanding of that term, is one who is so vitally interested in the subject-matter of the litigation that a valid decree cannot be rendered without his presence as a party." Commonwealth Bank & Trust Co. v. Heid Bros., Inc., 122 Texas 56, 52 S.W. 2d 74, 75; First National Bank v. Pierce, 123 Texas 186, 69 S.W. 2d 756.

Grelling and Moran were not necessary parties. At one time they owned an oil and gas lease covering the property but by its terms this lease had expired prior to the institution of this suit. Both of these parties expressly disclaimed any interest.

The beneficiaries for whom T. B. and Claude McDonald took title as trustees were not necessary parties.

Article 7425b-25 reads in part:

"In the absence of contrary or limiting provisions in the instrument creating the trust, or a subsequent order or decree of a court of competent jurisdiction, the trustee of an express trust is authorized:

* * *

"Sec. B. To grant options and to sell real estate or personal property at public auction or at private sale for cash, or upon credit, secured by a lien upon the property sold or upon such property or a part thereof and/or other property.

* * *

"Sec. E. To compromise, contest, arbitrate, or settle any and all claims of or against the trust estate or the trustee as such.

* * *

"Sec. G. Generally to execute and deliver any deed or other instrument and to do all things in relation to such trust necessary, desirable, or advisable for carrying out any of the above powers or those considered incidental to the purpose of such trust. * * *."

While the general rule in suits affecting trust property the beneficiary is a necessary party, the general rule is limited by many exceptions. Cavers v. Sioux Oil & Ref. Co., Texas Com. App., 39 S.W. 2d 862; Ebell v. Bursinger, 70 Texas 120, 8 S.W. 77.

In Slay v. Burnett Trust et al, 143 Texas 621, 187 S.W. 2d 377, the court cites with approval Bogert's Trust & Trustees, Vol. 3, Sec. 593, to the effect that a trustee may represent cestui que trust in all actions when there is no conflict of interest between cestui que trust and the trustee or between the several cestuis que trust.

The deed from Kelley to McDonald, Trustee, did not indicate how many or who the beneficiaries were. In our opinion the beneficiaries, Dove and Charlie McDonald, undisclosed in the deed, were not necessary parties to this suit. David et al v. Carter et al, Texas Civ. App., 222 S.W. 900; Lower Colorado River Authority v. Chemical Bank & Trust Co. et al, Texas Civ. App., 185 S.W. 2d 461.

The judgment of the Court of Civil Appeals is reversed and the cause remanded to that court for decision on the merits of the appeal.

Opinion delivered July 20, 1955.