Mark **HORTENSTINE**, Appellant,

v.

Walter **JACKSON**, Appellee.

No. 6579.

Court of Civil Appeals of Texas.

Amarillo.

April 2, 1956.

Rehearing Denied April 30, 1956.

Sanders, Scott, Saunders & Smith, Amarillo, for appellant.

Singleton & Trulove, Amarillo, for appellee.

NORTHCUTT, Justice.

This is an action upon a promissory note and for real estate commission. Appellee sued appellant upon a promissory note for principal, interest and attorney's fees and, in the same cause of action, alleged that appellant, by letter to appellee, admitted commission liability of $10,250 of which $5,000 was evidenced by a promissory note sued upon herein. Further pleading that appellant thereupon, in writing, acknowledged his obligations to pay the appellee the sum of $5,250 in addition to the note obligation. Appellant, by sworn answer, pleaded that the note in question was given to appellee purely as an accommodation note in that appellee claimed he was in dire need of some money and, for the purpose of assist-

ing appellee to secure a loan, the appellant gave the note to appellee to place as additional security in helping appellee to secure the money that appellee needed and that appellee agreed to return the note to the appellant after the use of it for collateral terminated; that, on numerous occasions, the appellee informed the appellant that he would return the note as well as the letter sued upon by appellee but he had refused to return them to appellant. Appellant further pleaded that appellee along with George L. Aycock and a Mr. Alexander, acting together, attempted to negotiate a ranch transaction with one B. R. Sheffield wherein the appellant was to transfer title to certain New Mexico ranch land to B. R. Sheffield on or about March 17, 1953 wherein appellant was to transfer title to certain New Mexico ranch land to B. R. Sheffield; that on June 29, 1953, the appellant agreed to pay $10,250 to appellee and his associates subject to completion of said deal; the transfer of said ranch was made to B. K. Construction Company instead of to B. R. Sheffield; that during the transaction appellee, acting for B. R. Sheffield and Roy Jones, agreed to have transferred certain Federal and State grazing leases adjacent to and connected with the fee land of said ranch but the appellee failed to have delivered the leases as he agreed which resulted in a lawsuit by Sheffield against this appellant for cancellation and, as a result thereof, the ranch was delivered back to appellant and appellee paid back to Sheffield certain commissions received by appellee from Sheffield and that, because of the non-completion of the sale, the letter under date of June 29, 1953 was of no force and effect. Appellant further pleaded that no contract was ever entered into as provided by statute between appellant and appellee for a commission. Appellant also pleaded a complete settlement of all claims between appellant and appellee. Appellant then seeks to recover commission advanced to appellee that appellant contends was paid to appellee but the trade was never closed and commission was never earned by appellee. The case was tried to the court without a jury and judgment was rendered in favor of appellee

upon the note for the principal, interest and attorney's fees and also commission in the sum of $5,250 together with interest. But the judgment does not dispose of appellant's claims for the commission he claimed was advanced because the sale was never closed. From this judgment, appellant has perfected this appeal.

Appellant's third assignment of error is as follows:

"Since plaintiff Jackson admitted that George Aycock and H. M. Alexander, deceased, had an interest in the subject matter of this lawsuit the Trial Court erred in going to judgment in this case without the Aycock and Alexander estates, heirs or legatees being made parties herein."

It is true as contended by appellant that appellee pleaded that the note was given for part of the commission but the letter relied upon does not so state but appellee testified that the commission was $7,500 and the $5,000 as represented by the note was money loaned by the appellee to appellant. The pleadings and the testimony are not in accord but appellee testified that Mr. Alexander was dead and that Mr. Alexander owned 25% of the note and the commission and that Mr. Aycock owned 37½% of the note and commission and that appellee owned the other 37½%. Neither Mr. Aycock nor the Alexander Estate was a party to the suit but judgment was granted in favor of appellee for the total amount of the note and $5,250 commission together with interest. The letters offered as plaintiff's Exhibits Nos. 10 and 11 which, it is contended, would have been introduced but for appellant's exceptions were signed by Oliver S. Tyler and there is nothing in this record to show he had any authority to sign Aycock's name—appellee testified Aycock owned 37½% while these letters show Tyler was claiming Aycock's part of the note and commission. There were no pleadings on the part of appellee other than he alone was entitled to recover upon the note and also the commission. During the trial of the case, it developed that other parties

than appellee, plaintiff in the trial court, owned a greater interest in the note and commission, if any amount was due, than the plaintiff and consequently were necessary parties to the suit. The trial court could not render judgment for the plaintiff for the amount of the note and commission sued for when the undisputed record shows that he brought the suit as the owner of the note and also the commission and then testified that other parties owned more of the note and commission than he did and also pleaded the note was a part of the commission but testified the $5,000 note was a loan made by him to appellant. If it is a loan made by him, it is not a part of the commission and the two contentions are in direct conflict. And there are no pleadings to substantiate the holding that he was recovering for himself and Mr. Aycock and the Alexander Estate and neither does the judgment so speak.

In order that a valid judgment may be rendered, all necessary and essential parties must be before the court and that those who are such persons as have a claim or claim a direct interest in the subject matter of the suit and whose interests will necessarily be affected by any judgment that may be rendered.

We think the correct rule was stated in the case of Ball v. Cundiff, Tex. Civ.App., 127 S.W.2d 502, 504, which opinion was approved by the Supreme Court, where it is stated:

"(7) The following statement in 32 Tex.Jur., par. 67, p. 105, is sustained by numerous decisions cited: 'When in the development of the case it is found that additional parties are necessary in order properly to adjust equities and prevent multiplicity of suits, the court of its own motion may and will stay proceedings until such parties are brought in. Indeed it has been decided that the court commits fundamental error in proceeding to a final judgment without the presence of the essential parties. But this duty of the court does not, of course, arise where the absent persons are not necessary parties.' See, also, par. 88, p. 128 of the same volume.

"In Adams v. Bankers' Life Co., 36 S.W.2d 182, 185, in opinion by the Commission of Appeals, expressly approved by the Supreme Court, this is said:

" 'The nonjoinder of a party necessary to the main issue is fundamental, and requires either a dismissal of the suit or a stay of proceedings until such party can be brought in. This is the rule, no matter when or how the absence of such party may become apparent. De La Vega v. League, 64 Tex. 205; Buffalo Bayou Ship Channel Co. v. Bruly, 45 Tex. (6) 8.

" 'The objection of nonjoinder of such a party may be made by plea in abatement, general demurrer, special exception, motion for new trial, suggestion of fundamental error on appeal, or otherwise; whenever it comes to the knowledge of the court, the result must be the same—either the dismissal or stay of the case. Townes Texas Pleading (2d Ed.) p. 288; 1 Tex.Jur. p. 144.'

"The lack of necessary parties to the suit being fundamental, the decisions stressed by appellant in his brief relating to waiver of right by defendant to an abatement of a suit, by failing to file his plea in abatement in the due order or pleadings or failing to have a ruling thereon at the proper time, are not in point here, because in such cases grounds urged for abatement involved matters of personal privilege of the defendant, and not fundamental error of the character noted in the foregoing authorities."

When it developed, in the trial, there were other necessary parties, appellant requested the case be dismissed. The additional parties could not be made parties to this suit without notice and could not be made necessary parties by trial amendment. Appellant's third point of error is sustained.

Since we are of the opinion that this case must be reversed to make the necessary parties, we will not discuss the other points of error as they may not arise on another trial.

Judgment of the trial court reversed and remanded.

MARTIN, Justice (dissenting).

Plaintiff's cause of action is founded upon a liquidated demand represented by a promissory note executed by defendant and payable to plaintiff and by a stated account as executed by defendant and due the plaintiff with credits thereon as acknowledged by the plaintiff. Defendant's pleadings admit his agreement to pay plaintiff the said sum of $10,250 in issue and also reveal his liability therefor in that defendant admits a consummation of the ranch sale to B. K. Construction Company as a grantee in the chain of title of B. R. Sheffield to said ranch —defendant's defense being that the sale was not made to B. R. Sheffield. Defendant is designated herein as appellant and the plaintiff is designated as appellee.

The majority opinion abating the cause of action under the principle of nonjoinder of necessary parties plaintiff must rest solely upon a finding here that the trial court abused its discretion in refusing to abate the cause of action upon the issue of nonjoinder. It must be recognized that the trial court has great discretion upon the question of joinder of parties. Wilson v. Ammann & Jordan, Tex.Civ.App., 163 S.W.2d 660, Syls. 2, 3; Montgomery v. Willbanks, Tex.Civ.App., 202 S.W.2d 851, Syl. 1, second case; Rules No. 37 to 43 inclusive, Vernon's Annotated Texas Rules of Civil Procedure.

The record with reference to the issue of whether the trial court abused its discretion in rejecting appellant's theory of nonjoinder reveals that no plea in abatement was filed by appellant as defendant in the trial court. Further, after introduction of all the evidence pertinent to the issue of nonjoinder of necessary parties plaintiff, the trial court ruled that if defendant so de-

sired the court would require plaintiff to file a trial amendment and include George L. Aycock and H. M. Alexander as plaintiffs in the cause to meet the objections of the defendant. Upon such suggestion by the court, defendant's attorney waived his objection to any nonjoinder of said parties and as to the issue by stating to the court:

"Well, we take the position that without proper showing by the plaintiff, it would be improper for them to interplead either of these parties."

The rule governing the above issue is found in 1 C.J.S., Abatement and Revival, § 193.b, page 250:

"In accordance with the general rules above stated in § 193 a, unless defendant raises his objection within the proper time and in due order of pleading, he will be regarded as having waived his right to urge an abatement because of defects and objections * * as to the parties, * * *."

Safeway Stores, Inc. of Texas v. Rutherford, 130 Tex. 465, 111 S.W.2d 688, Syls. 1–3; Railroad Commission v. Shell Oil Co., Inc., Tex.Civ.App., 164 S.W.2d 773 (writ refused), Syls. 1–2–5; 1 Tex.Jur., Abatement and Revival, Section 122, Page 167.

The written instruments as executed by appellant and on which appellee founded his suit will support the trial court's rejection of the issue of nonjoinder. But, George L. Aycock and H. M. Alexander executed an assignment of their claims to the appellee and were not necessary and indispensable parties to the suit. Such written assignments are detailed in Plaintiff's Exhibits 9, 10 and 11 and contain the following allegation as to assignment of all said parties' claims to appellee:

"This real estate fee and note obligation *belongs to you* * * *."

The trial court's findings of fact on the issue of nonjoinder and upon the facts revealed by plaintiff's numbered exhibits are as follows:

"12. No objection to proper parties plaintiff was timely made by the De-

fendant in this action. Upon the suggestion of possible question by the Defendant of the right of Plaintiff to proceed in his own name, then thereupon Plaintiff offered in evidence Plaintiff's Exhibits Nine (9), Ten (10), and Eleven (11) which reflected the *assignment of rights of other realtors into Walter Jackson* and which likewise *supplementally* authorized Walter Jackson in his own name to pursue for all of the interested parties the rights in the name of Plaintiff, Walter Jackson. Thereupon, in open court the trial court authorized an election of Defendant, Mark Hortenstine, to insist upon the insufficiency of parties plaintiff and to at the same time permit trial amendment to incorporate the elements within Plaintiff's Exhibits Nine (9), Ten (10), and Eleven (11), but that Defendant, Mark Hortenstine, did not elect to insist upon this requirement and Defendant, Mark Hortenstine, by his conduct evident to the court factually waived any objection to this action being urged and continued in the name of Walter Jackson only."

The above-numbered exhibits as pertinent to the issue outlined in the above findings of fact by the trial court are included in the statement of facts. The above quoted excerpt from such exhibits reveals why the defendant was averse to a trial amendment of plaintiff's pleadings setting up such exhibits and to their presentation in evidence on the issue of nonjoinder and why defendant in open court waived his theory of nonjoinder and permitted the cause to proceed to judgment. Since defendant chose to reject the issue of nonjoinder in the face of the above proof subject to trial amendment and introduction in evidence, he cannot now complain and particularly so in the absence of his filing any plea in abatement in the trial court. Antwine v. Reed, 145 Tex. 521, 199 S.W.2d 482, Syl. 4; Connally v. Continental Southland Savings & Loan Ass'n, Tex.Com.App., 121 Tex. 565, 51 S.W.2d 293, Syl. 9; McDonald v. Alvis, Tex., 281 S.W.2d 330, Syls. 2–3.

The issue discussed in detail in the above paragraph presents only one of the various legal principles sustaining the trial court's correct determination of the issue of nonjoinder of parties plaintiff. The written instruments as executed by appellant and delivered to appellee and upon which the cause of action is founded reveal that W. M. Alexander and George L. Aycock are neither necessary nor indispensable parties to the cause of action. As stated at the inception of this dissenting opinion, the suit is founded upon a promissory note executed and delivered by appellant to appellee as the sole payee therein and upon an account stated as executed by appellant to appellee. The credits as placed upon such account stated are signed solely by the appellee. The promissory note and account stated are indisputably agreements executed solely by appellant to appellee. The appellant owes to appellee the obligations as represented by such written instruments and any disposition of the funds as collected thereunder by appellee could not affect in any manner the liability of the appellant. Appellant's contention as to nonjoinder, if any issue of such nature was ever properly raised in the trial court, was correctly determined by the trial court as being without merit on this evidence alone. Antwine v. Reed, supra; Connally v. Continental Southland Savings & Loan Ass'n, supra; McDonald v. Alvis, supra.

Upon the above issues and authorities cited thereunder, the trial court correctly refused to abate the cause of action on the appellant's theory of nonjoinder of George L. Aycock and W. M. Alexander as parties plaintiff. Judgment was correctly entered for appellee in the trial court upon the written instruments revealing a liquidated demand and such judgment should have been affirmed by this Court.