**Andrew Jackson RICHARDSON, Appellant,**

v.

**Claudia G. MILNER et vir, Appellees.**

No. 7025.

Court of Civil Appeals of Texas.

Amarillo.

March 20, 1961.

Rehearing Denied April 24, 1961.

parties and that they were to be holders in common of the property for later disposition. It is agreed that this property is incapable of being partitioned in kind. The judgment further provided that if the property remained undivided after the expiration of 90 days from the date of entry of the divorce judgment, either party could apply to the court for the appointment of a commissioner to sell the property under the direction of the trial court. Upon such application, an order of sale would be so entered. The case was heard by the court without a jury. The court duly entered judgment finding the property was not capable of a division in kind, appointed a commissioner and ordered that the real estate be sold. Findings of fact and conclusions of law were timely filed by the court. From this judgment so entered on April 26, 1960. the appellant duly perfected this appeal.

Appellant's first point of error contends the trial court's judgment is not supported by the findings of fact. Appellant's basic contention is that the findings of fact so filed did not mention or pass on facts relative to appellant's pleas in bar and abatement. These dilatory pleas involved legal questions as distinguished from questions of fact, and as such would have no place in the trial court's findings of fact. Rule 175, Texas Rules of Civil Procedure, require these dilatory pleas to be determined by the court before the issues of fact are tried and determined by either a jury or the court, as the case may be. In the instant case the trial court did in fact timely overrule appellant's pleas in abatement and bar as indicated by the judgment. Appellant makes no complaint of the findings of fact that were filed of record, but in effect complains of the failure of the trial court to make certain additional findings. Appellant's request for additional findings was not timely filed. Hence, as far as this record is concerned, no additional findings were requested. Therefore we conclude that appellant can not now be heard to complain of the trial court's failure to make additional findings. Rules 298

---◇---

Boling & Griffith, Bryan B. Dillard, Lubbock, for appellant.

Clinton & Shelton, Lubbock, Dale Condron, Beaumont, for appellees.

DENTON, Chief Justice.

Appellee, joined by her husband, filed this suit in the nature of an application for partition of certain real estate which had remained undivided after an agreed divorce judgment had been entered dissolving the marriage of appellee and appellant. The divorce judgment was entered November 26, 1956, and provided that the property, consisting of a business building located on five lots, was the community property of the

and 299, T.R.C.P.; McKinney v. White, Tex.Civ.App., 278 S.W.2d 553. It is our view that the trial court's findings of fact were supported by the evidence. This court is therefore bound by such findings. City State Bank in Wellington v. Wellington Independent School Dist., Tex.Civ. App., 173 S.W.2d 738, affirmed 142 Tex. 344, 178 S.W.2d 114; Manning v. Barnard, Tex.Civ.App., 277 S.W.2d 160.

■■ Appellant next complains of the trial court's action in overruling his plea in abatement which alleges the absence of necessary parties. It is appellant's position that the Amicable Life Ins. Co., the holder of a mortgage lien upon the property in question, and attorneys Clyde Vinson and Campbell & Brock, who represented appellee in the prior divorce case, are necessary parties to the instant case. We do not agree with appellant's position. A "necessary party" to a suit is one who is so vitally interested in the subject matter of the litigation that a valid decree can not be rendered without his presence as a party. McDonald v. Alvis, 154 Tex. 570, 281 S.W.2d 330; First National Bank in Dallas v. Pierce, 123 Tex. 186, 69 S.W.2d 756. As a record lien holder, the partition judgment could in no way affect the lien of Amicable Life Ins. Co. The lien was specifically recognized by the judgment entered herein, and the sale was ordered to be made subject to the lien. Neither the pleadings nor the judgment affect in any manner the lien of Amicable Life Ins. Co. We therefore hold Amicable Life Ins. Co. is not a necessary party to this cause before us. The record indicates attorney Clyde Vinson was one of the attorneys representing appellee when she obtained her divorce from appellant in November, 1956. The divorce judgment required appellee to pay her attorneys' fees incurred in that case out of community property the court awarded to her. On April 19, 1959, appellee and her present husband executed and acknowledged an instrument in which it was agreed that they owed Mr. Vinson the sum of $1,000 as attorney's fees growing out of the divorce case. The instrument further provided:

"That it was agreed between plaintiff and her said attorney that he would be paid a flat $1,000.00 out of the proceeds of sale of said lots, if and when said property was sold and partitioned, or if and when plaintiff sold her interest therein."

Although this instrument was filed of record, we do not construe it to be a lien or mortgage on the property. It is simply an acknowledgement of a debt owed by appellee to Vinson and sets out a condition subsequent to the payment of such obligation. The instrument fails to convey any interest in the land to Vinson. Any claim he may have is against Mrs. Milner personally and this claim can not mature until the land in question is partitioned or Mrs. Milner's interest is sold. We fail to see any basis on which to hold Vinson is a necessary party to this case. The record fails to reflect in what manner the law firm of Campbell and Brock participated in any of the proceedings between these two parties other than the filing of a petition for the sale of the property on behalf of the appellee on April 10, 1957. Such an interest falls far short of making members of that law firm necessary parties to this case.

■ Appellant's third point of error deals with the trial court overruling appellant's plea in bar. This plea contends the instant case is of no force and effect because of the fact appellee filed a prior petition for an order of sale of the property on April 10, 1957. The petition there sought the same relief being sought here. A hearing on the April 10th petition was set, but appellee and her attorney failed to appear and prosecute the petition. There is evidence in the record that appellant, along with his attorney and witnesses, did appear at the time and place set for that hearing. However, the record reveals no motions or orders were filed on that occasion and is silent as to what, if anything,

transpired. The petition of April 10, 1957 was filed under the same cause number as the original divorce case. The petition for partition and sale in the instant case was filed as a separate cause under another number. The trial court found as a fact that the two cases were consolidated and that the parties hereto agreed in open court to try the two cases together. Under such circumstances we must conclude appellant has shown no harm as a result of his plea in bar being overruled.

Appellant next complains of the trial court's abuse of its discretion in refusing to set aside the provisions of the prior divorce judgment concerning the property here in question, and refusing to grant appellant homestead rights in the business property for the benefit of the parties' minor children. The divorce judgment recognized that the property was the community property of the parties, and it further decreed that each party was vested with an undivided one-half interest in the property subject to the outstanding indebtedness above referred to. The divorce decree finally adjudicated the parties' property rights. The only executory aspect of the judgment was the procedure by which this particular property was to be finally disposed of. While it is well settled that the trial court retained the right to make necessary orders concerning the support and custody of the minor children, its control of the property was limited to supervising the partitioning of specified real estate in the event the parties remained owners in common after the expiration of 90 days from the entry of the divorce judgment. Gully v. Gully, Tex.Civ.App., 184 S.W. 555. The trial court was merely carrying out the provisions of the original judgment as agreed to by the parties. In urging the trial court to set this business property aside as appellant's homestead for the benefit of the minor children, appellant relies on the trial court's authority to amend and change the child support order as circumstances may dictate. We recognize the district court has the power to change child support orders, but that question is not before us. The cases relied on by appellant to support his position are not controlling. We therefore hold that the trial court did not abuse its discretion in refusing to set aside that portion of the divorce judgment dealing with the real property involved here.

The judgment of the trial court is affirmed.