NO. 07-02-0262-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL A



AUGUST 9, 2002



______________________________




JOSEPH LEE MAXWELL, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE



_________________________________



FROM THE 31ST DISTRICT COURT OF LIPSCOMB COUNTY;



NO. TRN 004 078 9403; HONORABLE STEVEN R. EMMERT, JUDGE



_______________________________



Before BOYD, C.J., and REAVIS and JOHNSON, JJ.

 Appellant Joseph Lee Maxwell appeals from his conviction for aggravated robbery. 
We dismiss for want of jurisdiction. 

 Appellant was indicted in Lipscomb County for aggravated robbery. On May 6,
2002, he was found guilty by a jury. The jury assessed punishment at confinement for five
years and a fine of $5000. Punishment was imposed on May 6, 2002. 

 On June 12, 2002, appellant filed a notice of appeal. He did not file a motion for
new trial. 

 On July 22, 2002, appellant filed a Motion to Suspend Operation of Tex. R. App. P.
26.2(a)(1), (1) or alternatively to Extend Time to File Notice of Appeal. 

 In a criminal case, appeal is perfected by timely filing a notice of appeal. See TRAP
25.2(a). The notice of appeal must be filed within 30 days after the day sentence is
imposed or after the day the trial court enters an appealable order, unless a timely motion
for new trial is filed. See TRAP 26.2(a). A motion for new trial may be filed by a criminal
defendant no later than 30 days after the date sentence is imposed in open court. See
TRAP 21.4(a). The time for filing a notice of appeal may be extended for 15 days under
certain circumstances. See TRAP 26.3. If the time for filing a notice of appeal is to be
extended, both a notice of appeal and a motion for extension of time which complies with
TRAP 10.5(b) must be filed within the 15 day period. See TRAP 26.3; Olivo v. State, 918
S.W.2d 519, 523-25 (Tex.Crim.App. 1996). If either the notice of appeal or the motion for
extension of time is not filed within the 15 day period prescribed by TRAP 26.3, the
appellate court is without jurisdiction and can take no action other than to dismiss the
appeal for want of jurisdiction. See id. at 523.

 Appellant's notice of appeal was filed later than 30 days after sentence was
imposed, but within the 15 day period provided by TRAP 26.3. However, appellant's
motion to extend time to file the notice of appeal was not filed within the 15 day period. 
Accordingly, this court does not have jurisdiction over the appeal, does not have jurisdiction
to rule on appellant's motion, and can take no action other than to dismiss the appeal. See
Slaton, 981 S.W.2d at 210; Olivo, 918 S.W.2d at 523. 

 The appeal is dismissed for want of jurisdiction. See TRAP 39.8, 40.2, 43.2. 



 Phil Johnson

 Justice



Do not publish.
1. Further reference to a rule of appellate procedure will be by reference to "TRAP
____."



ng his request for additional
findings of fact and conclusions of law. We disagree. At Halbert's request, the trial court
filed its initial findings and conclusions on May 5, 2004. Halbert filed his request for
additional findings on June 8, 2004. However, Rule 298 requires that a request for
additional or amended findings or conclusions be filed within ten days after the filing of the
original request. Because Halbert's request was untimely, appellant's second issue is
overruled. See Richardson v. Milner, 345 S.W.2d 449, 450 (Tex.Civ.App.-Amarillo 1961,
writ ref'd n.r.e.).

Sufficiency of the Evidence

 We now consider Halbert's first issue by which he challenges the trial court's
findings pertaining to additional damages. Halbert contends the trial court's findings were
in error and that a preponderance of the evidence shows that the contaminated fuel
purchased from Kidd Jones caused him to sustain damages and losses in addition to
those for which he was compensated. We disagree. 

 In reaching this conclusion, we must first consider the appropriate standard of
review. Findings of fact in a bench trial have the same force as a jury's verdict upon jury
questions. City of Clute v. City of Lake Jackson, 559 S.W.2d 391, 395 (Tex.Civ.App.--Houston [14th Dist.] 1977, writ ref'd n.r.e.). However, findings of fact are not conclusive
when a complete statement of facts appears in the record, if the contrary is established as
a matter of law, or if there is no evidence to support the findings. Middleton v. Kawasaki
Steel Corp., 687 S.W.2d 42, 44 (Tex.App.--Houston [14th Dist.] 1985), writ ref'd n.r.e., 699
S.W.2d 199 (Tex. 1985) (per curiam). When the trial court acts primarily as a fact finder,
the findings of fact are reviewable for factual and legal sufficiency under the same
standards that are applied in reviewing evidence supporting a jury's answer. Zieben v.
Platt, 786 S.W.2d 797, 799 (Tex.App.--Houston [14th Dist.] 1990, no writ). See also W.
Wendell Hall, Standards of Review in Texas, 34 St. Mary's L.J. 1, 183 (2002). 

 When an appellant challenges both the legal and factual sufficiency of the evidence,
the appellate court should first review the legal sufficiency challenge. Glover v. Texas
Gen. Indem. Co., 619 S.W.2d 400, 401 (Tex. 1981); Koch Oil Co. v. Wilber, 895 S.W.2d
854, 862 (Tex.App.--Beaumont 1995, writ denied). An appellant attacking the legal
sufficiency of an adverse finding on which he had the burden of proof must show on appeal
that a contrary finding was established as a matter of law. Croucher v. Croucher, 660
S.W.2d 55, 58 (Tex. 1983). The appellate court reviews the entire record for any evidence
that supports the adverse finding, while disregarding all evidence and inferences to the
contrary. Raw Hide Oil & Gas, Inc. v. Maxus Exploration Co., 766 S.W.2d 264, 276
(Tex.App.-Amarillo 1988, writ denied). If there is no evidence to support the finding, the
reviewing court must review the entire record to determine if the contrary proposition was
established as a matter of law. McGalliard v. Kuhlmann, 722 S.W.2d 694, 696-97 (Tex.
1986).

 An appellant challenging the factual sufficiency of an adverse finding where he had
the burden of proof must show on appeal that the finding was against the great weight and
preponderance of the evidence. Gooch v. Am. Sling Co., 902 S.W.2d 181, 184
(Tex.App.-Fort Worth 1995, no writ). If there is some probative evidence to support the
finding, the finding must be upheld. ACS Investors, Inc. v. McLaughlin, 943 S.W.2d 426,
430 (Tex. 1997). The court should only set aside an adverse finding if, in light of all the
evidence, the evidence which supports the finding is so weak as to be clearly wrong and
manifestly unjust. Cain v. Bain, 709 S.W.2d 175, 176 (Tex. 1986).

 In addition, although findings of fact are reviewable for legal and factual sufficiency,
an attack on the sufficiency of the evidence must be directed at specific findings of fact
rather than at the judgment as a whole. In re M.W., 959 S.W.2d 661, 664 (Tex.App.--Tyler
1997, no writ). The rule has often been otherwise stated that if the trial court's findings of
fact are not challenged by a point of error on appeal, they are binding upon the appellate
court. Northwest Park Homeowners Ass'n, Inc., v. Brundrett, 970 S.W.2d 700, 704
(Tex.App.--Amarillo 1998, pet. denied); Carter v. Carter, 736 S.W.2d 775, 777 (Tex.App.--Houston [14th Dist.] 1987, no writ). However, a challenge to an unidentified finding of fact
may be sufficient for review if it is included in the argument of the issue or point, or if after
giving consideration to the nature of the case, the underlying applicable legal theories, and
the findings of fact provided, the specific finding(s) of fact which the appellant challenges
can be fairly determined from the argument. See Holley v. Watts, 629 S.W.2d 694, 696
(Tex. 1982) (citing Calvert, "No Evidence" and "Insufficient Evidence" Points of Error, 38
Tex. L. Rev. 361 (1960)).

 In his brief, Halbert makes a general challenge to the sufficiency of the evidence 
pertaining to the trial court's failure to find additional damages. Halbert also does not
designate whether he is challenging the factual or legal sufficiency of the evidence or both. 
The Texas Supreme Court has taken a liberal approach and somewhat relaxed the
standards for wording points of contention on appeal in an effort "to obtain a just, fair and
equitable adjudication of the rights of the litigants." Pool v. Ford Motor Co., 715 S.W.2d 629,
633 (Tex.1986), overruled on other grounds by Crown Life Ins. Co. v. Casteel, 22 S.W.3d
378 (Tex. 2000). Even so, this Court in Northwest found such a lack of specificity to be fatal
to the issues on appeal. See Northwest, 970 S.W.2d at 704. Although we do not find it
necessary to rule on this issue in the present case, we do find it difficult to determine the
specific findings of fact which Halbert contends were not supported by the evidence at trial. 


 Moreover, regardless of the findings alluded to in the briefs, we find that the evidence
before the trial court was sufficient to support its conclusion that Kidd Jones was not
responsible for any damage or loss subsequent to the initial repairs. We are equally
convinced that the trial court's findings were not against the great weight and preponderance
of the evidence. Danny Hudson, the service manager at Elliott Chevrolet, testified that on
May 30, 2000, Elliott made the necessary repairs to remedy the damage done to Halbert's
truck as a result of the contaminated fuel and that the repairs were billed to Kidd Jones. 
Elliott's repair invoice reflected that the odometer on Halbert's vehicle read 198,849 miles. 
Halbert then drove the vehicle for some time before he began experiencing additional
problems with the engine. After the lawsuit was filed, the engine was inspected by the
defendant's expert, Phillip Smith. Smith concluded that Halbert's problems with the engine
"were not related to the fuel issue." Smith's report also listed the mileage on Halbert's
vehicle to be 211,070, thereby indicating that the vehicle was driven 12,221 miles after the
initial repairs. This evidence leads us to the conclusion that any number of factors, whether
it be ordinary wear and tear, or otherwise, could have led to the eventual demise of the
engine. At trial, Halbert stated his belief that if Elliott Chevrolet had replaced the fuel
injector, the situation would have been resolved. However, instead of questioning the nature
and quality of the repairs, he chose to continue to drive the vehicle another 12,221 miles
until the engine eventually failed and now seeks to recover his losses from Kidd Jones. 
These facts, in addition to the lack of substantive evidence at trial on Halbert's behalf, are
more than sufficient to support the trial court's findings under the appropriate standards of
review. Issue one is overruled.

 Accordingly, the judgment of the trial court is affirmed.


 Don H. Reavis

 Justice

 



 

 
1. There is a dispute in the record as to the length of time the truck was driven
following the initial repairs until the engine ceased to function properly a second time.