NO. 07-04-0401-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

MARCH 30, 2005

_____

WAYNE HALBERT, APPELLANT

V.

KIDD JONES OIL COMPANY AND TEXAS TRANSEASTERN, INC., APPELLEES

_____

FROM THE 392ND DISTRICT COURT OF HENDERSON COUNTY;

NO. 00B-316; HONORABLE CARTER TARRANCE, JUDGE

_____

Before QUINN and REAVIS and CAMPBELL, JJ.

**MEMORANDUM OPINION**

Following a non-jury trial, appellant Wayne Halbert challenges a judgment that he take nothing on his Deceptive Trade Practices Act claim against Kidd Jones Oil Company and Texas Transeastern, Inc. By two issues, he questions 1) whether he proved and established by a preponderance of the evidence that the contaminated fuel incident or any

other conduct, act, or omission of Kidd Jones or Transeastern was the producing cause of additional damages or loss, and 2) whether the trial court committed harmful error by denying his request for additional findings of fact and conclusions of law. We affirm.

On May 27, 2000, Halbert purchased fuel at a Kidd Jones station for his 1993 Chevrolet diesel truck. That morning, prior to Halbert's purchase, Transeastern mistakenly delivered gasoline into Kidd Jones's diesel tank, thereby contaminating their diesel fuel supply. Shortly after fueling, the engine in Halbert's truck began experiencing problems and refused to start. Halbert had his truck towed to Elliott Chevrolet for repairs. At that time, according to the repair order, the truck's odometer indicated 198,849 miles. The repairs were completed on May 30, 2000, and the $520.49 repair bill was paid by Kidd Jones. Following the repairs, Halbert drove the truck for some time before he encountered additional problems with the engine.[1] On March 7, 2002, the engine was inspected by Kidd Jones's expert who recorded the truck's odometer at 211,070. Halbert, a self-employed diesel mechanic, then performed substantial repairs on the engine on June 6, 2002, at a cost of $6,691.66, and again on June 23, 2002, at a cost of $5,583.48.

Halbert sought to recover his damages under section 17.50 of the Deceptive Trade Practices-Consumer Protection Act. By his petition, he alleged violations of the Act and sought to recover damages, which were not specifically identified or described, that would

---

[1]There is a dispute in the record as to the length of time the truck was driven following the initial repairs until the engine ceased to function properly a second time.

2

exceed $50,000. Following a non-jury trial, the trial court signed a judgment by which it found, among other things, that the contaminated fuel was the producing cause of damages to Halbert's truck and all damages were remedied and repaired on May 30, 2000. Because Kidd Jones fully paid all costs and expenses for the repairs, the court rendered judgment that Halbert recover nothing from Kidd Jones. On May 5, 2004, at Halbert's request, the trial court made eighteen findings of fact and five conclusions of law. As is material here, the trial court found that Halbert suffered no damages or loss due to the contaminated fuel subsequent to the repairs made on May 30, 2000. On June 8, 2004, Halbert requested that the trial court make additional findings of fact and conclusions of law. Kidd Jones and Transeastern objected to the request alleging it was untimely under Rule 298 of the Texas Rules of Civil Procedure. The trial court subsequently denied Halbert's request for additional findings or conclusions.

## Request for Additional Findings and Conclusions

Addressing the issues in logical order, we first review Halbert's second issue. By this issue, Halbert contends the trial court erred by denying his request for additional findings of fact and conclusions of law. We disagree. At Halbert's request, the trial court filed its initial findings and conclusions on May 5, 2004. Halbert filed his request for additional findings on June 8, 2004. However, Rule 298 requires that a request for additional or amended findings or conclusions be filed within ten days after the filing of the original request. Because Halbert's request was untimely, appellant's second issue is

3

overruled. *See* Richardson v. Milner, 345 S.W.2d 449, 450 (Tex.Civ.App.–Amarillo 1961, writ ref'd n.r.e.).

## Sufficiency of the Evidence

We now consider Halbert's first issue by which he challenges the trial court's findings pertaining to additional damages. Halbert contends the trial court's findings were in error and that a preponderance of the evidence shows that the contaminated fuel purchased from Kidd Jones caused him to sustain damages and losses in addition to those for which he was compensated. We disagree.

In reaching this conclusion, we must first consider the appropriate standard of review. Findings of fact in a bench trial have the same force as a jury's verdict upon jury questions. City of Clute v. City of Lake Jackson, 559 S.W.2d 391, 395 (Tex.Civ.App.-- Houston [14th Dist.] 1977, writ ref'd n.r.e.). However, findings of fact are not conclusive when a complete statement of facts appears in the record, if the contrary is established as a matter of law, or if there is no evidence to support the findings. Middleton v. Kawasaki Steel Corp., 687 S.W.2d 42, 44 (Tex.App.--Houston [14th Dist.] 1985), *writ ref'd n.r.e.*, 699 S.W.2d 199 (Tex. 1985) (per curiam). When the trial court acts primarily as a fact finder, the findings of fact are reviewable for factual and legal sufficiency under the same standards that are applied in reviewing evidence supporting a jury's answer. Zieben v. Platt, 786 S.W.2d 797, 799 (Tex.App.--Houston [14th Dist.] 1990, no writ). *See also* W. Wendell Hall, *Standards of Review in Texas*, 34 St. Mary's L.J. 1, 183 (2002).

4

When an appellant challenges both the legal and factual sufficiency of the evidence, the appellate court should first review the legal sufficiency challenge. Glover v. Texas Gen. Indem. Co., 619 S.W.2d 400, 401 (Tex. 1981); Koch Oil Co. v. Wilber, 895 S.W.2d 854, 862 (Tex.App.--Beaumont 1995, writ denied). An appellant attacking the legal sufficiency of an adverse finding on which he had the burden of proof must show on appeal that a contrary finding was established as a matter of law. Croucher v. Croucher, 660 S.W.2d 55, 58 (Tex. 1983). The appellate court reviews the entire record for any evidence that supports the adverse finding, while disregarding all evidence and inferences to the contrary. Raw Hide Oil & Gas, Inc. v. Maxus Exploration Co., 766 S.W.2d 264, 276 (Tex.App.–Amarillo 1988, writ denied). If there is no evidence to support the finding, the reviewing court must review the entire record to determine if the contrary proposition was established as a matter of law. McGalliard v. Kuhlmann, 722 S.W.2d 694, 696-97 (Tex. 1986).

An appellant challenging the factual sufficiency of an adverse finding where he had the burden of proof must show on appeal that the finding was against the great weight and preponderance of the evidence. Gooch v. Am. Sling Co., 902 S.W.2d 181, 184 (Tex.App.–Fort Worth 1995, no writ). If there is some probative evidence to support the finding, the finding must be upheld. ACS Investors, Inc. v. McLaughlin, 943 S.W.2d 426, 430 (Tex. 1997). The court should only set aside an adverse finding if, in light of all the evidence, the evidence which supports the finding is so weak as to be clearly wrong and manifestly unjust. Cain v. Bain, 709 S.W.2d 175, 176 (Tex. 1986).

In addition, although findings of fact are reviewable for legal and factual sufficiency, an attack on the sufficiency of the evidence must be directed at specific findings of fact rather than at the judgment as a whole. In re M.W., 959 S.W.2d 661, 664 (Tex.App.--Tyler 1997, no writ). The rule has often been otherwise stated that if the trial court's findings of fact are not challenged by a point of error on appeal, they are binding upon the appellate court. Northwest Park Homeowners Ass'n, Inc., v. Brundrett, 970 S.W.2d 700, 704 (Tex.App.--Amarillo 1998, pet. denied); Carter v. Carter, 736 S.W.2d 775, 777 (Tex.App.-- Houston [14th Dist.] 1987, no writ). However, a challenge to an unidentified finding of fact may be sufficient for review if it is included in the argument of the issue or point, or if after giving consideration to the nature of the case, the underlying applicable legal theories, and the findings of fact provided, the specific finding(s) of fact which the appellant challenges can be fairly determined from the argument. *See* Holley v. Watts, 629 S.W.2d 694, 696 (Tex. 1982) (citing Calvert, "No Evidence" and "Insufficient Evidence" Points of Error, 38 Tex. L. Rev. 361 (1960)).

In his brief, Halbert makes a general challenge to the sufficiency of the evidence pertaining to the trial court's failure to find additional damages. Halbert also does not designate whether he is challenging the factual or legal sufficiency of the evidence or both. The Texas Supreme Court has taken a liberal approach and somewhat relaxed the standards for wording points of contention on appeal in an effort "to obtain a just, fair and equitable adjudication of the rights of the litigants." Pool v. Ford Motor Co., 715 S.W.2d 629, 633 (Tex.1986), *overruled on other grounds by* Crown Life Ins. Co. v. Casteel, 22 S.W.3d

6

378 (Tex. 2000). Even so, this Court in *Northwest* found such a lack of specificity to be fatal to the issues on appeal. *See Northwest*, 970 S.W.2d at 704. Although we do not find it necessary to rule on this issue in the present case, we do find it difficult to determine the specific findings of fact which Halbert contends were not supported by the evidence at trial.

Moreover, regardless of the findings alluded to in the briefs, we find that the evidence before the trial court was sufficient to support its conclusion that Kidd Jones was not responsible for any damage or loss subsequent to the initial repairs. We are equally convinced that the trial court's findings were not against the great weight and preponderance of the evidence. Danny Hudson, the service manager at Elliott Chevrolet, testified that on May 30, 2000, Elliott made the necessary repairs to remedy the damage done to Halbert's truck as a result of the contaminated fuel and that the repairs were billed to Kidd Jones. Elliott's repair invoice reflected that the odometer on Halbert's vehicle read 198,849 miles. Halbert then drove the vehicle for some time before he began experiencing additional problems with the engine. After the lawsuit was filed, the engine was inspected by the defendant's expert, Phillip Smith. Smith concluded that Halbert's problems with the engine "were not related to the fuel issue." Smith's report also listed the mileage on Halbert's vehicle to be 211,070, thereby indicating that the vehicle was driven 12,221 miles after the initial repairs. This evidence leads us to the conclusion that any number of factors, whether it be ordinary wear and tear, or otherwise, could have led to the eventual demise of the engine. At trial, Halbert stated his belief that if Elliott Chevrolet had replaced the fuel

7

injector, the situation would have been resolved. However, instead of questioning the nature and quality of the repairs, he chose to continue to drive the vehicle another 12,221 miles until the engine eventually failed and now seeks to recover his losses from Kidd Jones. These facts, in addition to the lack of substantive evidence at trial on Halbert's behalf, are more than sufficient to support the trial court's findings under the appropriate standards of review. Issue one is overruled.

Accordingly, the judgment of the trial court is affirmed.


Don H. Reavis
Justice