**P. J. LAURITO, Appellant,**

v.

**Willis A. McVEY, Appellee.**

No. 12043.

Court of Civil Appeals of Texas, Austin.

June 13, 1973.

Brooks Holman, Austin, for appellant.

Brown, Maroney, Rose, Baker & Barber, Robert L. Davis, Austin, for appellee.

PHILLIPS, Chief Justice.

This is an appeal from a judgment in a suit brought by appellant, Laurito, for the purpose of contesting the title to a mineral lease and to recover damages for defendant's alleged wrongful possession of said lease. By the order from which the present appeal is taken, the court below, in sustaining appellee's plea to the jurisdiction, held that an earlier order entered by the court requiring that plaintiff join certain named persons as parties defendant within 180 days or face dismissal, was self executing and plaintiff having failed to meet the condition, the court lost jurisdiction of the action at the expiration of the 180 day period.

We reverse the judgment and remand this case for trial.

The facts of this case are as follows. After appellant had filed his original petition in the trial court, appellee filed a plea in abatement alleging that the petition failed to name certain persons as parties defendant who were alleged to be indispensably necessary to the suit.[1] The plea

1. The plea in abatement named some twenty-one parties, including the Veterans' Land Board of the State of Texas, as having an interest in the mineral lease involved herein and thus qualifying as indispensable parties.

was subsequently amended to name an additional party. Later, on July 8, 1970, the trial court entered the agreed order which led ultimately to the present appeal.

In the above mentioned order, the court, after noting plaintiff's agreement that the parties named by defendant in his amended plea in abatement were in fact indispensable parties to the suit, sustained the plea in accordance with the order. In essence the order held all asserted causes of action abated until the parties named in the plea in abatement "are each made parties defendant to this suit." The order went further, however, and provided that "unless said parties (including the estate or heirs as applicable of any of said parties now deceased, if any) are made defendants in this suit within one hundred eighty days from the undersigned date, all causes of action asserted in this suit by plaintiff, P. J. Laurito, will be dismissed without prejudice without further order of this Court."

Although the clerk's file marks do not appear on the papers in the record before us, it is undisputed that plaintiff did file an amended petition within the above established one hundred eighty day period. There is some dispute as to the exact date, but it appears that the amended petition was filed some time in December, 1970. There is also some dispute as to whether all of the additional parties were *named* in this amended petition, a question with which we shall deal presently. It is undisputed that none of the additional parties was served with citation in this action until after the expiration of the one hundred eighty day period.[2]

At some point subsequent to January 4, 1971, defendant filed a pleading denominated "Defendant's 'No Jurisdiction' Plea", in which defendant asserted that plaintiff had not complied with the court's agreed order of July 8, 1970 and, that order being self executing by its terms, the suit was dismissed on January 4, 1971 without the necessity of any further action thereon by the court. After a hearing on the last-named pleading, the court, on November 29, 1972, entered an order sustaining defendant's plea of "no jurisdiction".[3] It is from that order that plaintiff has perfected his appeal.

Appellant is before this Court on a single point of error by which he asserts that he had complied with the agreed order entered on July 8, 1970 and therefore the court below erred in holding the action dismissed. It is appellant's position that he had met the burden placed on him by the order when he filed an amended petition naming all the parties found to be necessary and that he was not under the additional burden of having all of these parties served with citation within the 180 day period.

The issue before this Court, then, is whether appellant *did* in fact comply with the order. More specifically, the issue is whether the additional parties were "made parties defendant to this suit" by the filing of an amended petition denominating them as such,. or whether, as appellee contends, it was necessary also that each be served with citation within the 180 day period in order that the court's condition be met.

Appellee has drawn this Court's attention to several cases which appellee asserts stand for the proposition that a person does not become a "party" to a law suit until he is served with process therein. These cases fall into two categories: one involving appeals of cases which went to

---

2. The parties are in apparent agreement that the 180 day limit expired on January 4, 1971. The record shows that the first citation to one of these additional parties defendant was issued on January 6, 1971.

3. "The court finds that the agreed order entered by this court on July 8, 1970 is self executing and under the terms of such order, the court finds that this court lost jurisdiction over this cause 180 days after the entry of such order on July 8, 1970."

trial and judgment [4] and the other involving the issue of the necessity of having defendant served with process in order to toll a limitation period.[5] We are of the opinion that the opinions in neither of these groups are persuasive within the present context.

We do not find the latter category useful because we are not inclined to apply the reasonably applicable to limitations cases to the present facts. There are statutory and policy factors peculiar to limitations cases which are simply not relevant to the construction of the order before us. See Reed v. Reed, dissent of Calvert, J., 158 Tex. 298, 311 S.W.2d 628, 632 (1958). With respect to the former category this Court is in full agreement that it would be reversible error to proceed to judgment where an indispensable party is not within the jurisdiction of the court, and, further, that a person or entity is not within the jurisdiction of the court until he is served with citation or voluntarily appears in the cause. This does not answer our question, however, because the case before this Court has yet to be tried.

Appellee contends that it was the intention of the court below that all the parties be before the court and ready to proceed with the trial at the end of the 180 day period. Given this assumption, the necessity of the court's acquisition of *in personam* jurisdiction of each of the additional defendants, as an implicit condition, must be read into the order.

The assumption made by appellee might seem not altogether unwarranted in view of the length of time allowed by the court

for appellant to comply with the court's order. Nevertheless, this Court is not eager to make such assumption, which, in our judgment imputes to the order an intent which simply is not evident on its face. Had the court wished to require that all parties be before the court and ready to proceed on January 4, 1971, it would have been an easy task to express such intention clearly in the order and provide for the case to be heard on that date. Moreover, there is nothing in the record before us to indicate that the case was called on January 4, 1971 and necessary parties found to be absent.[6]

■ Therefore this Court is of the opinion that the proper construction to be placed on the order here at issue is that persons named in the order would be "made parties defendant" when named as such in an amended pleading, and since such pleading was filed within the requisite period, appellant has complied with the order. See Gulf, C. & S.F. Ry. Co. v. Hume, 87 Tex. 211, 27 S.W. 110 (1894).

■ Having concluded that the amended petition was sufficient if it "named" all of the parties found to be necessary, we must now determine whether the pleading filed herein by appellant did, in fact, "name" all of these additional parties. In this connection, appellee contends that appellant failed to comply with the order insofar as the order required that the "estate or heirs, as applicable of any of said parties now deceased . . ." be made a party to the suit. It appears that two of the parties died prior to the filing of plaintiff's amended petition because that pleading

4. See National Surety Co. v. United Brick & Tile Co., 71 S.W.2d 937 (Tex.Civ.App. 1934, writ dism.), Hortenstine v. Jackson, 289 S.W.2d 613 (Tex.Civ.App.1956, writ ref. n. r. e.), Steelman v. Rosenfeld, 397 S.W.2d 906 (Tex.Civ.App.1965, rev'd on other grounds 405 S.W.2d 301).

5. See Buie v. Couch, 126 S.W.2d 565 (Tex.Civ.App.1939 writ ref.), Rigo Manufacturing Co. v. Thomas, 458 S.W.2d 180 (Tex.1970).

6. We do not understand appellee to be contending that citation in and of itself was the *sine qua non* of the order here in question. It goes without saying that persons can be within the jurisdiction of the court without being served, and if *in personam* jurisdiction is to be the test of whether a person has been made a party, it would seem that the determination could not be made until the case was actually called for trial.

named the "heirs" of two of the additional parties as parties defendant. Appellee asserts that one of these deceased persons, one Will Orgain, died testate and therefore, under the terms of the order, and even under the construction adopted here, appellant was required to name the "estate" of Will Orgain rather than the "heirs". Thus, appellee contends, one of the necessary parties has yet to be "named" as a defendant and appellant did not comply with the order.

Whether such construction of the order is correct we need not decide because there is nothing in the record before us to indicate that any of the parties did in fact die testate. In an appeal from a judgment of dismissal for want of jurisdiction this Court must accept the allegations in the petition as true. Jones v. Maples, 184 S. W.2d 844 (Tex.Civ.App. 1944, writ ref.), Lane v. Davis, 337 S.W.2d 292 (Tex.Civ. App. 1960, no writ), Lone Star Gas Co. v. Murchison, 353 S.W.2d 870 (Tex.Civ.App. 1962, writ ref. n.r.e.). When plaintiff's amended petition was filed naming the "heirs" of Will Orgain as parties defendant, it in effect, alleged that Will Orgain died intestate, an allegation by which we are bound, in the absence in the record of proof to the contrary. We note that appellee's "Plea of No Jurisdiction" refers to the probated will of Will Orgain and purports to include a certified copy of that will as an exhibit, but no such copy appears in the transcript on file in this Court.

Therefore we must conclude that, in the present posture of the case, the proper parties have been "named" as parties defendant by the appellant. As we construe the agreed order involved herein appellant was required to do no more. Appellant's point of error is sustained, the judgment is reversed and the cause remanded for further proceedings.

Reversed and remanded.