Mildred DeBLANC, et al, Appellants,

v.

Helen RENFROW, et al, Appellees.

No. 09 86 203 CV.

Court of Appeals of Texas,
Beaumont.

March 12, 1987.

Rehearing Denied April 2, 1987.

Ernest Sample, Beaumont, Rodney Price,
Vidor, for appellants.

Glen L. Kirby, Kountze, Malcolm E. Dorman, Orange, for appellees.

OPINION

DIES, Chief Justice.

Mildred DeBlanc and Olga Mae Waring, as plaintiffs below, filed suit in the District Court of Orange County against Helen Renfrow and the Orange Savings and Loan Association, as defendants below, alleging the following:

1. Plaintiffs are the surviving sisters of Hilda Marioneaux.

2. Defendant (Renfrow) is the daughter of a deceased sister, and has qualified as Independent Executrix of the Estate of Hilda Marioneaux.

3. During her lifetime, Marioneaux established two joint savings certificates with plaintiffs (at the Orange Savings and Loan Association), which provided for joint tenancy with right of survivorship, executed by all three sisters.

4. At the death of Hilda Marioneaux, these plaintiffs, by virtue of the contractual provisions of the certificates, became the owners. Alternatively, the transactions represent a "nontestamentary transfer" under the provisions of *TEX.PROB.CODE ANN. secs. 438 and 439* (Vernon 1980).

5. That plaintiffs, following the death of Hilda Marioneaux, on April 14, 1985, filed their claim in the County Court of Orange County, to which defendant Renfrow filed her plea in abatement. That the County Court of Orange County sustained the plea in abatement, determining that plaintiffs' claim under these certificates is not a "claim against the estate" of Hilda Marioneaux, following which plaintiffs brought this suit in the District Court of Orange County. That jurisdiction of the County Court of Orange County is limited to $5,000, while the amount in controversy exceeds this amount.

In the District Court, defendant Renfrow, as Independent Executrix of the Estate of Hilda Marioneaux, filed a *Plea to the Jurisdiction* alleging that the District Court "does not have jurisdiction to entertain this cause," and that plaintiffs have heretofore "appeared in that probate proceeding, and have asserted the matters which are now plead in this Court." That plaintiffs' suit "is brought to determine matters incident to an estate as that phrase is used in Section 5A, Texas Probate Code, which mandates that the jurisdiction should continue in the County Court at Law of Orange County, Texas."

The District Court judge sustained defendant's Plea to the Jurisdiction saying, inter alia, "the Court does not have jurisdiction. This cause is therefore dismissed without prejudice, and removed from the docket of this Court...."

It is from this order that plaintiffs have perfected appeal to this Court. The parties will be referred to herein as they were below.

The plaintiffs, therefore, face a real dilemma. Their claim in the County Court was abated; the District Court held it was without jurisdiction to hear the case. Therefore, this logic, pushed to its extreme, would mean plaintiffs simply have no forum to litigate their contentions. We cannot accept such a conclusion.

*TEX.PROB.CODE ANN. sec. 145(h)* (Vernon 1980) provides:

"When an independent administration has been created, and the order appointing an independent executor has been entered by the county court, and the inventory, appraisement, and list aforesaid has been filed by the executor and approved by the county court, as long as the estate is represented by an independent executor, further action of any nature shall not be had in the county court except where this Code specifically and explicitly provides for some action in the county court."

█ The purpose of this section of the Code is to free the independent executor from the control of court, except where the Code specifically and explicitly provides

otherwise, to free the estate of onerous and expensive judicial supervision. *Bunting v. Pearson,* 430 S.W.2d 470 (Tex.1968); *Corpus Christi Bank and Trust v. Alice Nat. Bank,* 444 S.W.2d 632 (Tex.1969).

In *Weldon v. Hill,* 678 S.W.2d 268 (Tex. App.—Fort Worth 1984, writ ref'd n.r.e.), plaintiff below brought suit in a district court seeking, inter alia, a determination that he was an heir under a will, and to require an accounting by the independent executor. A plea to the jurisdiction of the district court was made. In holding the district court had jurisdiction, the Court cited *TEX.CONST. art. V, sec. 8,* providing, in part:

"The district court, concurrently with the county court, shall have the general jurisdiction of a probate court."

The Court also quotes from *TEX.PROB. CODE ANN. sec. 5* (Vernon 1980 and Vernon Supp.1987):

"(a) The district court shall have original control and jurisdiction over executors, administrators, [etc.]...."

"(b) In those counties where there is no statutory probate court, county court at law [which does not include Orange County], or other statutory court exercising the jurisdiction of a probate court, all applications, petitions and motions regarding probate ... shall be filed and heard in the county court, except that in contested probate matters, the judge ... may on his own motion, or shall on the motion of any party to the proceeding transfer such proceeding to the district court...."

The section of the Texas Constitution (art. V, sec. 8) which we earlier alluded to gives the Legislature power to add to or diminish (or eliminate) the jurisdiction of either the district court or the county court in matters of probate. But, no such action has been taken by the Legislature for Orange County courts.

We should note also that *TEX.PROB. CODE ANN. sec. 5(d)* (Vernon 1980) provides, in part:

"All courts exercising original probate jurisdiction shall have the power to hear all matters incident to an estate...."

And, *TEX.PROB.CODE ANN. sec. 5(c)* (Vernon Supp.1987) provides in part:

"In those counties where there is a statutory probate court, county court at law ... *all applications, petitions and motions regarding probate* ... shall be filed and heard in such courts...." (emphasis supplied)

Other than this requirement, *sec. 5(a)* gives "[t]he district court ... original control and jurisdiction over executors," etc.

*TEX.PROB.CODE ANN. sec. 436* (Vernon 1980), Chapter XI, Nontestamentary Transfers, lists this definition:

"(4) 'Joint account' means an account payable on request to one or more of two or more parties whether or not there is a right of survivorship."

While the will of the deceased in the case at bar is not the same as the certificates in the Orange Savings and Loan Association heretofore alluded to in this opinion, *sec. 439(a)* of the Code provides, in part:

"Sums remaining on deposit at the death of a party to a joint account belong to the surviving party or parties against the estate of the decedent if, by a written agreement signed by the party who dies, the interest of such deceased party is made to survive to the surviving party or parties...."

Defendant relies heavily on a case which came through this Court, *English v. Cobb*, 593 S.W.2d 674 (Tex.1979). We quote former Chief Justice Greenhill:

"This case involves the jurisdiction of the Angelina County Court at Law to determine an estate's rights in a $15,-900.44 savings account held in the names of the deceased and her sister. The court of civil appeals determined that the county court at law had no jurisdiction to hear the case since the amount in controversy exceeded the county court's jurisdictional amount...."

■ The court then pointed out (at 676) that in 1973, partly to prevent delays in the settlement of estates, the Legislature authorized the voters to amend Article V,

section 8 of the Texas Constitution to give the Legislature the power " 'to increase, diminish or eliminate the jurisdiction of either the district court or the county court in probate matters....' " And, after the amendment was approved, *Section 5* of the Probate Code reads:

"(d) All courts exercising original probate jurisdiction shall have the power to hear all matters incident to an estate...."

Thus, this determination of a decedent's right to probate assets falls within the scope of being an action "incident to an estate" and, therefore, the Angelina County Court at Law had jurisdiction over the suit. *What the Court did not hold was that the Angelina County Court had exclusive jurisdiction over the suit.* And, we think, the reason is obvious because, except in those instances pointed out in this opinion, or where the Legislature has made changes—neither of which apply to the case at bar—the district court has original probate jurisdiction. And, there is nothing in the Probate Code, Chapter XI, Nontestamentary Transfers, above referred to, making a dispute over the same exclusively within the jurisdiction of the Probate or County Court at Law.

In *Maxwell v. Mason*, 682 S.W.2d 640, 643 (Tex.App.—Houston [1st Dist.] 1984, writ ref'd n.r.e.), the Court had this to say:

"In view of the fact that the constitution and the Probate Code have both given concurrent original jurisdiction to constitutional county courts and to district courts, we are of the opinion that either of these courts had jurisdiction over the subject matter involved in the present case."

■ We hold that the District Court of Orange County has jurisdiction over plaintiffs' cause of action and, therefore, sustain their (appellants') first point of error. The case is reversed and remanded to the District Court for trial.

Reversed and Remanded.