**Helen Davis GREEN, Appellant,**

v.

**Gloria WATSON, et al., Appellees.**

No. 3–92–389–CV.

Court of Appeals of Texas,
Austin.

Aug. 11, 1993.

Rehearing Overruled Sept. 22, 1993.

---

10. *See supra* note 1.

Douglass D. Hearne, Hearne, Knolle, Livingston & Holcomb, Austin, for appellant.

James D. Walker, Austin, for Truman C. Green, Jr., Betty Green Barker, Peggy Elaine Green, William Lewis Green, and James C. Green.

Paul K. Browder, pro se.

Debra L. Becker, pro se.

Before POWERS, KIDD and B.A. SMITH, JJ.

## ON MOTION FOR REHEARING

BEA ANN SMITH, Justice.

The opinion and judgment issued by this Court on May 5, 1993, are withdrawn, and this opinion is filed in place of the earlier one.

This is a suit arising out of and ancillary to a probate matter. The appeal involves the concurrent jurisdiction of district courts and statutory county courts with respect to probate matters.[1] At issue is whether a district court may properly decline to exercise jurisdiction over a suit seeking, among other things, imposition of a constructive trust on estate assets already the subject of a probate proceeding pending in a statutory county court.

The property that is the subject of this dispute passed to Helen Davis Green ("Appellant") as sole beneficiary of her late husband's will, which was probated in the County Court at Law No. 1 of Williamson County ("the Williamson County court"). Appellant sued Truman Green, Jr., Betty Green Barker, Peggy Green, William Green, James Green, Paul Browder, Debra Becker, and Gloria Watson ("Appellees") in the Travis County district court. With the exception of Browder, Becker, and Watson, Appellees are decedent's children from a former marriage (the "Green children"). Browder and Becker are the attorneys who represented the Green children in the contest of their father's will and in execution on the judgment for attorney's fees. Watson is a county constable involved in the seizure and sale of the property underlying this dispute. Appellant filed suit in her individual capacity seeking a declaratory judgment and actual and exemplary damages for wrongful execution, as well as the imposition of a constructive trust. These claims stem from the Green children's alleged wrongful execution of Appellant's exempt personal property. Appellant appeals from the district court's dismissal of her suit for lack of jurisdiction.[2] We will affirm the order of dismissal.

## THE CONTROVERSY

Appellant is the surviving widow and sole beneficiary of Truman C. Green, Sr. ("decedent"). The Green children unsuccessfully contested decedent's will in the Williamson County court, which rendered judgment on a jury verdict finding the will valid. The judgment in that cause admitted decedent's will to probate, appointed Appellant independent executor of decedent's estate, and provided

---

1. Throughout this opinion, we shall use the terms "statutory county courts" and "county courts at law" interchangeably. By contrast, we shall distinguish between the terms "statutory *probate* court" and "statutory *county* court" because we do not consider them synonymous.

2. When, as here, a plaintiff appeals from a judgment of dismissal for want of jurisdiction, this Court must accept as true the allegations in the plaintiff's pleadings. *See Hoffman v. Cleburne Bldg. & Loan Ass'n,* 85 Tex. 409, 22 S.W. 154, 155 (1893); *Laurito v. McVey,* 496 S.W.2d 656, 659 (Tex.Civ.App.—Austin 1973, no writ). Thus, for the limited purpose of determining whether Appellant properly invoked the district court's jurisdiction, we will assume the truth of the allegations in her pleadings.

both Appellant and the Green children with a $145,000 judgment against the estate for their attorney's fees and necessary expenses.[3] No party appealed from the judgment rendered in the will-contest proceeding.

On January 24, 1992, immediately after Appellant received her letters testamentary, Watson served her with a writ of execution on the judgment for the fees and costs. Almost simultaneously, the other appellees seized virtually all the personal property, named in an exhibit attached to the writ of execution, passing to Appellant under decedent's will. The property included home furnishings and appliances, an automobile, firearms, farming and sporting equipment, clothes and jewelry, dishes, and food stuffs.

The Probate Code, in conjunction with the Property Code, affords Appellant, as independent executor, the opportunity to designate personal property eligible for exemption from creditors' claims within a reasonable time of request and prior to seizure by creditors. *See* Tex.Prob.Code Ann. § 146 (West 1980); Tex.Prop.Code Ann. § 42.003 (West Supp.1993). Although denied the opportunity to designate such property prior to its seizure, Appellant designated all exempt estate property by letter dated January 26, 1992. On February 4, 1992, Watson served Appellant, through her counsel, with two notices that the seized property would be offered for sale at public auction on February 12, 1992. Watson, at the direction of the other appellees, disregarded Appellant's exempt-property designation and sold the seized property in Austin. The Green children purchased the bulk of the property and still retain possession. Some property was sold to third parties, including Becker, one of the Green children's attorneys.

Before the sale, Appellant filed suit in her individual capacity and as independent executor in the Travis County district court seeking a judgment declaring that (1) Appellant has a superior right to possess the seized property; (2) the seized property is exempt from execution and forced sale; (3) the levy is wrongful and constitutes a conversion; (4)

Watson lacks authority to seize and sell the property; and (5) Appellant is entitled to actual and exemplary damages. After the sale, Appellant amended her petition to reflect suit only in her individual capacity, to request that the execution sale be declared void or voidable, and to plead the additional remedy of imposition of a constructive trust on the seized property and proceeds of sale held by the Green children and third parties. Following a nonevidentiary hearing, the district court dismissed the case for want of jurisdiction, explaining in its order, "The probate court of Williamson County has exclusive jurisdiction over the subject matter of this cause." On appeal, Appellant advances five points of error.

## DISCUSSION

Resolution of the issues presented requires some discussion of the overlapping jurisdictional grants found in the Texas Constitution article V, section 8, and Probate Code sections 5(c), (e), and 5A(b). The Texas Constitution sets out the broad general jurisdiction of district courts. The Probate Code provisions critical to our analysis are sections 5(c) and 5A(b), which provide in pertinent part:

> In those counties where there is a statutory probate court, county court at law, or other statutory court exercising the jurisdiction of a probate court, all applications, petitions and motions regarding probate [and] administrations ... shall be filed and heard in such courts ... rather than the district courts, unless otherwise provided by the legislature....

Tex.Prob.Code Ann. § 5(c) (West Supp. 1993).[4]

> In proceedings in the statutory probate courts and district courts, the phrases "appertaining to estates" and "incident to an estate" in this Code include ... the interpretation and administration of testamentary trusts and the applying of constructive trusts, and generally all matters relating to the settlement, partition, and distri-

---

3. The record does not reveal how this sum was to be divided among the various parties.

4. Unless otherwise indicated, all statutory references in text and cites are to the Texas Probate Code.

bution of estates of wards and deceased persons.

Code § 5A(b) (West Supp.1993).

■ Initially, we must emphasize the distinction between statutory county courts and statutory probate courts. The Williamson County court is a statutory county court vested with general jurisdiction over all civil and criminal matters and with probate jurisdiction as provided by general law for county courts. Tex.Gov't Code Ann. §§ 25.0003, 25.-2482 (West 1988 & Supp.1993). A statutory probate court, by contrast, is a court with jurisdiction limited to the general jurisdiction of a probate court as set forth in the Probate Code. Code § 3(ii) (West 1980). Statutory county courts exercising probate jurisdiction are not statutory probate courts under the Code, unless their statutorily designated name includes the term "probate." *Id.* The Government Code provides that in counties where they exist, statutory probate courts are the only county courts created by statute with probate jurisdiction. Tex.Gov't Code Ann. § 25.0003(e) (West Supp.1993). We construe this to mean that statutory probate courts have probate jurisdiction exclusive of other *statutory* courts, in counties where they both exist. Williamson County does not have a statutory probate court; therefore, the two Williamson County courts at law exercise probate jurisdiction as authorized by the Probate Code.

## Jurisdiction over Matters Incident to an Estate

■ Appellant's first and second points of error complain that the district court erred in dismissing her suit on the ground that the Williamson County court has exclusive jurisdiction in this situation. Appellant argues that statutory county courts and district courts have concurrent jurisdiction in

certain probate situations, and in this case, the district court has dominant jurisdiction over her suit. Appellees respond that sections 5(e) and 5(c) vest exclusive jurisdiction in the Williamson County court to hear all matters incident to the estate.[5] We disagree.

■ The Texas Constitution grants district courts general jurisdiction over all matters, although this jurisdiction may be assigned to another adjudicative body in specific situations. Tex. Const. art. V, § 8. Section 5(c) limits the general jurisdiction of certain district courts by granting dominant jurisdiction in probate matters to statutory probate courts and county courts at law, unless the legislature specifically preserves such jurisdiction in the district courts. Code § 5(c). Finally, section 5A(b) grants district courts probate jurisdiction in specific situations by defining matters incident to an estate that the district court may hear. Code § 5A(b). Therefore, section 5(c) vests dominant jurisdiction over probate matters in the statutory county courts, but allows the legislature to create exceptions to this scheme. As we will discuss below, section 5A(b) provides such exceptions.

■ Although section 5(e) gives all courts exercising original probate jurisdiction, like the Williamson County court, the power to hear all matters incident to the estate, the grant of that power is not exclusive of the probate jurisdiction of other courts. *See Goodwin v. Kent,* 745 S.W.2d 466, 469 (Tex. App.—Tyler 1988, no writ); *DeBlanc v. Renfrow,* 728 S.W.2d 409, 411 (Tex.App.—Beaumont 1987, writ ref'd n.r.e.); *Pullen v. Swanson,* 667 S.W.2d 359, 364 (Tex.App.—Houston [14th Dist.] 1984, writ ref'd n.r.e.). *But see Estate of Torrance v. State,* 812 S.W.2d 393, 396 (Tex.App.—El Paso 1991, no writ) (no concurrent jurisdiction between county courts and district courts for probate mat-

---

5. Appellees also argue that Appellant cannot invoke the district court's jurisdiction on the basis of a constructive-trust claim because she amended her petition to include this claim within seven days of the hearing, thereby violating Tex. R.Civ.P. 63. However, in the absence of surprise to the opposing party, such leave should be freely granted, and we will presume the trial court granted leave unless the record shows that the court did not consider the amended petition.

*Lee v. Key West Towers, Inc.,* 783 S.W.2d 586, 588 (Tex.1989).

Because its final order specifically addresses Appellant's constructive-trust claim, we presume the district court granted Appellant leave to file her amended petition. Moreover, the record does not reflect that Appellees made any showing of surprise or prejudice resulting from Appellant's late amendment. Consequently, Appellees waived any objection to the amended petition.

ters). Section 5A gives district and county courts concurrent jurisdiction to hear matters incident to an estate in specific situations. *See* Code § 5A(b); *Mejorada v. Gonzalez,* 663 S.W.2d 891, 892 (Tex.App.—San Antonio 1983, no writ); *see also Gaynier v. Ginsberg,* 763 S.W.2d 461, 463 (Tex.App.—Dallas 1988, no writ). Therefore, sections 5(c), (e) and 5A, together, give the statutory probate courts and county courts at law *dominant,* rather than exclusive, jurisdiction over matters incident to the estate once probate proceedings have been filed. *See First State Bank v. Bishop,* 685 S.W.2d 732, 736 (Tex.App.—Houston [1st Dist.] 1985, writ ref'd n.r.e.); *Mejorada,* 663 S.W.2d at 892–93. The constitutional grant of general jurisdiction to district courts, coupled with the Probate Code's specific grants to the district courts of jurisdiction over matters incident to estates, vests concurrent probate jurisdiction in the district courts and the county courts at law. We sustain Appellant's first point of error. However, as we will develop below, sustaining this point does not dispose of the matter before us.

**Jurisdiction over the Constructive–Trust Claim**

■ Appellant's second point of error asserts that the district court acquired dominant jurisdiction over her suit. Generally, when two courts have concurrent jurisdiction, the court in which suit was first filed has dominant jurisdiction to the exclusion of other coordinate courts. *Curtis v. Gibbs,* 511 S.W.2d 263, 267 (Tex.1974, orig. proceeding). Appellant maintains that, because she originally brought her wrongful-execution suit in the district court, that court acquired dominant jurisdiction over the action. This argument ignores the fact that the administration of decedent's estate was already pending in the Williamson County court. Section 5(c) assures the dominance of the county courts at law in probate matters, except when the legislature provides otherwise. Hence, the Williamson County court acquired dominant jurisdiction over all matters incident to decedent's estate when the original will contest was properly filed in that court.

■ Moreover, the case law makes clear that the claims Appellant asserts in the district court constitute matters incident to an estate. The term "incident to an estate" confines a probate court's jurisdiction to matters in which the controlling issue is the settlement, partition, or distribution of an estate. *Seay v. Hall,* 677 S.W.2d 19, 23–24 (Tex.1984). Stated differently, an action incident to an estate is one in which the outcome will have direct bearing on collecting, assimilating, or distributing the decedent's estate. *English v. Cobb,* 593 S.W.2d 674, 676 (Tex. 1979). The outcome of Appellant's action seeking to have the execution sale declared void and herself declared the proper owner of the seized property will determine which estate assets may be used to satisfy the estate's judgment creditors and which assets will be distributed to the estate's beneficiary. Consequently, Appellant's suit in the district court involves matters incident to the estate within the Williamson County court's jurisdiction.

■ Nevertheless, Appellant argues that, although a county court at law sitting in probate acquires dominant jurisdiction over all matters incident to an estate when the original will contest is filed in that court, if the probate court with dominant jurisdiction cannot adequately provide the relief requested, a district court may properly assert its jurisdiction. *See Griggs v. Brewster,* 122 Tex. 588, 62 S.W.2d 980, 985 (1933); *Gaynier,* 763 S.W.2d at 463; *Mejorada,* 663 S.W.2d at 893. Appellant maintains further that because the Williamson County court lacks the power to grant the relief she seeks in the district court—imposition of a constructive trust—the district court may properly exercise its jurisdiction.

Appellant's argument turns on the interpretation of section 5A of the Probate Code, which defines "incident to the estate" as it applies to the probate jurisdiction of the various trial courts. Section 5A(a) defines the term for constitutional and statutory county courts while section 5A(b) defines the term for statutory probate courts and district courts. The definitions found in sections 5A(a) and 5A(b) are nearly identical, except that statutory probate courts and district

courts, unlike county courts, are expressly empowered to impose the equitable remedy of a constructive trust. *See* Code § 5A(a), (b).

We believe the distinction between the definitions of "incident to the estate" in two different contexts evinces the legislature's intent to give only the district and statutory probate courts jurisdiction to impose constructive trusts. Legislative intent can be inferred from the absence or presence of a particular provision in a statute. *See Morrison v. Chan*, 699 S.W.2d 205, 208 (Tex.1985). The express reference to constructive trusts in section 5A(b) and the absence of such an express reference in section 5A(a) give rise to the inference that the legislature intended to limit jurisdiction to impose constructive trusts to statutory probate courts and district courts. *Ragland v. Ragland*, 743 S.W.2d 758, 759 (Tex.App.— Waco 1987, no writ); *Mejorada*, 663 S.W.2d at 893.

Although we agree with Appellant that a county court at law may not impose a constructive trust, that determination does not resolve the issue. The mere request for a constructive trust will not, of itself, guarantee a district court's exercise of its jurisdiction to oust the dominant jurisdiction of a statutory county court sitting in probate. *See, e.g., Thomas v. Tollon*, 609 S.W.2d 859, 860–61 (Tex.App.—Houston [14th Dist.] 1981, writ ref'd n.r.e.). The Texas Supreme Court has explained:

> Broadly speaking, the general equity jurisdiction of the district court extends to matters relating to the estate of a deceased person which is in process of administration in the county court. However, in no event is the infringement by the district court of the jurisdiction of the county court in such a case authorized so long as *adequate* relief is available there.

*Boyle v. Paul*, 126 Tex. 242, 86 S.W.2d 744, 747 (1935) (emphasis added); *see also Pullen*, 667 S.W.2d at 364. The policy reflected in this statement retains its vitality. As the supreme court has elsewhere indicated, the thrust of the Probate Code's provisions increasing the county courts' jurisdiction concerning matters incident to the estate is to settle efficiently a decedent's estate in one proceeding, rather than resolve matters piecemeal in different courts. *See Lucik v. Taylor*, 596 S.W.2d 514, 516 (Tex.1980); *English*, 593 S.W.2d at 676. We must therefore determine whether the Williamson County court could grant *adequate* relief.

Although the Williamson County court lacks the jurisdiction to impose a constructive trust on the property sold or the proceeds of the execution sale, that court does have the power to set the sale aside. Indeed, to the extent that Appellant seeks to have the execution sale declared void—practically speaking, to set it aside—the Williamson County court, as the court issuing the writ of execution, has exclusive jurisdiction to do so. *See Hillkee Corp. v. Harrell*, 573 S.W.2d 558, 559–60 (Tex.Civ.App.—Texarkana 1978, writ ref'd n.r.e.). Because the Williamson County court has the power to afford Appellant adequate relief without imposing a constructive trust, the district court properly declined to exercise its jurisdiction over matters incident to the estate. We therefore overrule Appellant's second point of error.

## Jurisdiction to Determine Exempt Property

In her third point of error, Appellant asserts that the district court erred in ruling that the Williamson County court has exclusive jurisdiction to set aside exempt estate property free from execution. We need not address the merits of this argument because the district court's order may be affirmed on an independent legal basis—that the Williamson County court has jurisdiction over the Appellant's actions and can grant her adequate relief. *See Guaranty County Mut. Ins. Co. v. Reyna*, 709 S.W.2d 647, 648 (Tex. 1986) (holding that appellate courts must uphold lower-court judgments on any legal theory presented by record).

## Failure to File Findings of Fact and Conclusions of Law

By her fifth point of error, Appellant attacks the district court's failure to file findings of fact and conclusions of law pursuant to her request. *See* Tex.R.Civ.P. 297. When, as here, a trial court disposes of a case on the pleadings, the pleadings them-

selves state the facts upon which the trial court based its ruling; hence, the trial court need not file findings and conclusions. *See Southwest Stone Co. v. Railroad Comm'n,* 173 S.W.2d 325, 328 (Tex.Civ.App.—Austin 1943, writ ref'd w.o.m.). Assuming, however, that the trial court had a mandatory duty to file findings and conclusions, its failure to do so is harmless when the appellate record affirmatively shows that the complaining party has suffered no injury. *See Cherne Indus., Inc. v. Magallanes,* 763 S.W.2d 768, 772 (Tex.1989). As Appellant concedes in her brief, this case involves no disputed facts. Rather, the allegations in her live petition are taken as true in determining whether she properly invoked the district court's jurisdiction. Moreover, the district court offered its legal basis for dismissal in its order. In such circumstances, Appellant cannot have been harmed by the district court's refusal to file findings concerning undisputed facts. *Cf. Hopkins v. NCNB Tex. Nat'l Bank,* 822 S.W.2d 353, 355 (Tex.App.—Fort Worth 1992, no writ) (appellants suffered no injury from trial court's refusal to file findings and conclusions where legal issue was straightforward and no substantial contest of facts existed). We overrule Appellant's fifth point of error.

### Estate as a Necessary Party

Appellant's fourth point of error complains of the district court's ruling that the estate is a necessary party to her suit. Because we hold that the district court properly dismissed Appellant's suit regardless of whether all necessary parties were properly joined, we need not address this point of error.

### CONCLUSION

Although we sustain Appellant's first point of error based on our determination that the district court possesses jurisdiction concurrent with the Williamson County court's jurisdiction over Appellant's action, we nonetheless affirm the trial court's order of dismissal. Despite its concurrent jurisdiction over this matter, the district court properly dismissed Appellant's suit because the original probate court, which had acquired dominant jurisdiction over matters incident to the de-

cedent's estate, can adequately grant the relief Appellant seeks.