TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-98-00177-CV






Stephen C. Kuhns, Appellant



v.



Bank One, Texas, N.A.; Bank One, Texas, N.A., Trustee; Donald F. Carnes, Substitute


Trustee of the Frances P. Kuhns Trust; Donald F. Carnes, Individually;


Donald F. Carnes, P.C.; F. Duane Force; and Calame, Linebarger,


Graham & Peña, L.L.P., Appellees






FROM THE DISTRICT COURT OF HAYS COUNTY, 274TH JUDICIAL DISTRICT


NO. 97-0866, HONORABLE JACK ROBISON, JUDGE PRESIDING 







 Stephen Kuhns appeals pro se following the district court's dismissal of his
declaratory-judgment action which related to a five-acre tract of residential real estate located in
Hays County (the "property"). The district court granted pleas in abatement and pleas to the
jurisdiction filed by Bank One, Donald Carnes, Duane Force, and the law firm of Calame,
Linebarger, Graham & Peña. We will affirm the district court's dismissal order.


Background


 This is another case involving the Hays County residential property purchased by
the Frances P. Kuhns irrevocable inter vivos trust (the "trust") in 1987 that has been at issue in
three other cases before this Court. (1) The property was purchased in 1987 by MBank El Paso
acting in its capacity as trustee of the trust. The trusteeship of the trust passed through several
corporate trustees until 1992, when Carnes was appointed trustee by order of the Travis County
Probate Court. After Carnes settled the trust's debts and paid expenses, the property was the only
remaining asset of the trust. 

 In September 1994, the taxing authorities sued to recover delinquent property taxes. 
Kuhns attempted to intervene in the suit but his plea in intervention was stricken and he was
dismissed by the district court. Ultimately, Carnes and the taxing authorities reached a settlement
and the district court signed an agreed judgment. Kuhns appealed his dismissal, and this Court
dismissed his appeal for lack of jurisdiction. See Kuhns v Dripping Springs Indep. Sch. Dist., No.
03-97-722-CV (Tex. App.--Austin April 16, 1998, no pet.) (not designated for publication). 

 Since the probate court appointed Carnes as trustee, Kuhns has continually denied
Carnes's authority over the property and as a trustee. As a result, on October 24, 1996, Carnes
asked the probate court for clarification of his trustee duties according to the trust document and
specifically his authority over the property. On September 11, 1997, almost a year after Carnes
filed suit in the probate court, Kuhns responded to Carnes's suit by filing this suit for declaratory
judgment in Hays County district court against Carnes, the predecessor trustee, and the individual
attorneys and their law firms that represented the taxing authorities in the property-tax suit. 
Kuhns asked the Hays County district court to declare that he is the sole owner of the legal and
equitable title to the property. (2) 

 On October 10, 1997, the probate court signed a declaratory judgment which stated
that Carnes, as trustee, owned the property, that Kuhns possessed no interest in the property, that
Carnes could ask Kuhns to leave the property for any reason at any time, and that Carnes had the
authority to sell the property at any time so long as it was in the trust's best interest. This Court
has today modified the probate court's judgment to hold that Kuhns possesses an equitable interest
in the property without a right to possession and that Kuhns's equitable interest will not prevent
Carnes from selling the property should Carnes determine that a sale is in the trust's best interest. 
See Kuhns v. Carnes, No. 03-97-721-CV (Tex. App.--Austin September 10, 1999, no pet. h.) (not
designated for publication).

 The appellees in this case filed pleas to the jurisdiction and pleas in abatement. 
They contended that by virtue of Carnes's prior suit filed in the probate court, that court had
dominant subject-matter jurisdiction; and, alternatively, the probate court had dominant
jurisdiction pursuant to the Texas Probate Code section 5A(b) and (c) because the issues raised
in this suit were incident to an estate. See Tex. Probate Code Ann. § 5A(b) & (c) (West Supp.
1999). The district court granted the appellees' pleas to the jurisdiction and pleas in abatement
and dismissed Kuhns's case. Kuhns appeals the dismissal. 


Discussion


 Kuhns raises several issues on appeal. He contends that (1) the Hays County
district court had exclusive and mandatory jurisdiction over the property ownership question; (2)
the suit should not have been dismissed because he was appealing the probate court's judgment;
(3) Bank One failed to sustain its burden of proof to prevail on the plea to the jurisdiction and plea
in abatement; and (4) the dismissal order was tainted by the misrepresentations and bad faith of
Bank One and Carnes. (3) 


Jurisdiction

 We begin by addressing Kuhns's contention that the Hays County district court had
exclusive and mandatory jurisdiction over the issues in this case. Kuhns supports this contention
by citing Texas Civil Practice and Remedies Code section 15.011. This section, however,
addresses venue, not jurisdiction. See Tex. Civ. Prac. & Rem. Code Ann. § 15.011 (West 1986)
(mandatory venue section for suits addressing interests in land). The district court dismissed the
suit for lack of jurisdiction and did not address venue. 

 The jurisdiction of a district court over proceedings concerning trusts is exclusive
except for jurisdiction conferred by law on a statutory probate court. See Tex. Prop. Code Ann.
§ 115.001(d) (West Supp. 1999). The Travis County Probate Court is a statutory probate court. 
See Tex. Govt. Code Ann. § 25.2293(A) (West Supp. 1999). A statutory probate court has
concurrent jurisdiction with the district court in actions involving inter vivos trusts. Tex. Prob.
Code Ann. § 5A(c)(2) (West Supp. 1999). In situations where the jurisdiction of a statutory
probate court is concurrent with that of a district court, any cause of action appertaining to estates
or incident to an estate shall be brought in the statutory probate court rather than in the district
court. Tex. Prob. Code Ann. § 5A(b) (West Supp. 1999) (emphasis added). The phrases
"appertaining to estates" and "incident to an estate" includes all actions involving trial of title to
land and for the enforcement of liens thereon and the interpretation and administration of
testamentary trusts. Id. 

 Additionally, the probate court acquired dominant jurisdiction over the issue of who
owned the property since it was first raised in that court. See Bailey v. Cherokee County
Appraisal Dist., 862 S.W.2d 581, 586 (Tex. 1993); Curtis v. Gibbs, 511 S.W.2d 263, 267 (Tex.
1974). Any subsequent suit involving the same parties and the same controversy must be
dismissed if a party to that suit calls the second court's attention to the pendency of the prior suit
by a plea in abatement. Curtis, 511 S.W.2d at 267. 

 The issue of who owns the property was determined by the probate court when it
interpreted the trust document. Therefore, Kuhns's claim that he owned the legal and equitable
title to the property was appertaining to or incident to an estate and was properly decided by the
probate court. The district court did not err by dismissing the case for lack of jurisdiction. 

 Kuhns's next contention is that the trial court erred by dismissing this suit at a time
when the declaratory judgment in the probate-court action was pending on appeal. Kuhns supports
this contention by citing Scurlock Oil Co. v. Smithwick, 724 S.W.2d 1 (Tex. 1986). The
Smithwick court held that during the pendency of an appeal, the trial court's judgment is final for
purposes of res judicata and estoppel unless the appellate review consists of a trial de novo. See
id. at 6 (emphasis added). Although the probate court's declaratory judgment was subject to a de
novo review on appeal, that review did not constitute a trial de novo. The probate court's
judgment was final for res judicata purposes and the district court did not err in dismissing this
case due to the pending appeal of the probate court's judgment. Kuhns's first issue is overruled.


Bank One's Burden of Proof

 By his second issue, Kuhns contends that the "Bank One defendants had but did
not meet their burden of proof to support the dismissal." Specifically, Kuhns argues that Bank
One "failed to plead and prove [its] issue preclusion argument." Kuhns contends Bank One
offered no testimony or proof of its allegations that the probate court had continuing exclusive
jurisdiction of the cause pursuant to Texas Probate Code sections 5 and 5A. 

 To establish jurisdiction, Kuhns was required to allege facts that demonstrated the
court's subject-matter jurisdiction. Tex. Ass'n of Business v. Air Control Bd., 852 S.W.2d 440,
446 (Tex. 1993); WISD Taxpayers Ass'n v. Waco Indep. Sch. Dist., 912 S.W.2d 392, 394 (Tex.
App.--Waco 1995, no writ). When considering a plea to the jurisdiction, the district court is to
accept the plaintiff's allegations as true. Green v. Watson, 860 S.W.2d 238, 244-45 (Tex.
App.--Austin 1993, no writ). 

 Bank One questioned the district court's jurisdiction and accompanying its plea in
abatement and plea to the jurisdiction, submitted to the court true and correct copies of the probate
court's order of April 24, 1992, that appointed Carnes substitute trustee; the probate court's order
of April 11, 1995, that determined Carnes's authority as trustee; Carnes's original petition for
declaratory relief filed in the probate court on October 24, 1996; Kuhns's original answer filed
in response to Carnes's suit in the probate court; and the probate court's October 10, 1997
declaratory judgment. These documents showed that the Travis County Probate Court had
jurisdiction over the issues Kuhns raised in his petition. Contrary to Kuhns's assertion, the
district court had documents before it sufficient to sustain the pleas to the jurisdiction and pleas
in abatement. Additionally, the district court held two hearings at which it considered the probate-court orders. Kuhns's second issue is overruled. 



Bad Faith and Misrepresentations

 In his third issue, Kuhns contends that the "defendants['] arguments were in bad
faith and misrepresented material facts causing improper dismissal." Kuhns has not indicated to
this Court where in the record he raised these claims before the district court by objections. Bank
One asserts that Kuhns "seems to indicate that the court erred simply by listening to [the bad faith
arguments]." Error is reversible only if the trial court's ruling probably caused the rendition of
an improper judgment below. See Tex. R. App. P. 44.1. Kuhns has not properly preserved this
issue for appeal because he has failed to identify where in the record he raised these objections
before the district court and he has failed to show that the district court ruled on any related
objections. 

 Even if Kuhns had properly preserved this issue for appellate review, we would
overrule it. First, Kuhns claims that Bank One's statement in its plea to the jurisdiction, plea in
abatement and original answer that "Bank One never had, and Bank One Trustee, currently has,
and it makes no claim to any right, title, or interest in [the property]," was made in bad faith. 
It appears that Kuhns contends this statement was made in bad faith because he continues to
believe that Bank One is the record owner of the property. 

 Bank One has not been involved with the trust since Carnes became the trustee by
order of the probate court on April 24, 1992, a copy of which was before the district court. 
Consequently, Bank One's contention that it has no interest in the property is supported by the
probate court's orders. 

 Second, Kuhns complains that "the fiduciaries" made an argument to the district
court in bad faith by representing that Kuhns had no interest in the property. (4) He raises this
contention despite the fact that, at the time Carnes and Bank One filed their pleas in abatement
and pleas to the jurisdiction, the probate court had declared that Kuhns had no interest in the
property. Although on appeal this Court has today modified the probate court's declaration that
Kuhns has no interest in the property to reflect that Kuhns has an equitable interest in the property
without a right to possession, Carnes's and Bank One's reliance on the probate court's declaration
did not amount to a bad faith representation. See Kuhns v. Carnes, No. 03-97-721-CV (Tex.
App.--Austin, September 10, 1999, no pet. h.) (not designated for publication). Kuhns's third
issue is overruled. 


Conclusion


 We affirm the district court's dismissal order.



 


 Lee Yeakel, Justice

Before Justices Jones, B. A. Smith and Yeakel

Affirmed

Filed: September 10, 1999

Do Not Publish
1.   The related cases include Kuhns v. Carnes, No. 03-97-721-CV (Tex. App.--Austin
September 10, 1999, no pet. h.) (not designated for publication) (declaratory judgment from the
Travis County Probate Court), Kuhns v. Dripping Springs Indep. Sch. Dist., No. 03-97-722-CV
(Tex. App.--Austin April 16, 1998, no pet.) (not designated for publication) (property-tax suit),
and Kuhns v. Carnes, No. 03-98-247-CV (Tex. App.--Austin September 10, 1999, no pet. h.) (not
designated for publication) (eviction suit). 
2.   The following is Kuhns's prayer for relief in his "Plaintiff's Original Petition To Quiet Title
and for Damages": 


Wherefor premises considered plaintiff respectfully request[s] the Court issue citation
to defendants as required by law, and that upon final trial hereof, the Court grant
plaintiff declaratory judgment establishing title, legal and equitable in plaintiff, or
alternatively in the Frances P. Kuhns Trust in a Trustee free of conflict, award
liability for past due taxes (penalty & interest included ((attorney fees, costs, and
fees))) of cause 4862 thr[ough] 1997 against Bank One Texas N.A., reform the 4862
agreed judgment against defendants, award special damages to plaintiff against
defendants proved at trial, award plaintiff damages for mental and emotional injury
and exemplary damages against defendants, prejudgment and postjudgment interest,
costs (T.R.C.P. 131, 141), attorneys['] fees (Tex. C.P.&R.C. 37.009) and for all
other further and final relief to which plaintiff may show himself entitled.
3.   Kuhns does not raise any specific issues or complaints regarding the district court's
dismissal of Carnes in his individual capacity, Donald F. Carnes, P.C., Duane Force and the law
firm of Calame, Linebarger, Graham & Peña or Raymond Gray and the law firm of Ray, Wood
& Fine. Instead, Kuhns's complaints are directed only toward the actions or failures to act of
Bank One and Carnes, in his capacity as trustee of the trust.
4.   We assume by the term "fiduciaries" that Kuhns is referring to Carnes and Bank One.




an improper judgment below. See Tex. R. App. P. 44.1. Kuhns has not properly preserved this
issue for appeal because he has failed to identify where in the record he raised these objections
before the district court and he has failed to show that the district court ruled on any related
objections. 

 Even if Kuhns had properly preserved this issue for appellate review, we would
overrule it. First, Kuhns claims that Bank One's statement in its plea to the jurisdiction, plea in
abatement and original answer that "Bank One never had, and Bank One Trustee, currently has,
and it makes no claim to any right, title, or interest in [the property]," was made in bad faith. 
It appears that Kuhns contends this statement was made in bad faith because he continues to
believe that Bank One is the record owner of the property. 

 Bank One has not been involved with the trust since Carnes became the trustee by
order of the probate court on April 24, 1992, a copy of which was before the district court. 
Consequently, Bank One's contention that it has no interest in the property is supported by the
probate court's orders. 

 Second, Kuhns complains that "the fiduciaries" made an argument to the district
court in bad faith by representing that Kuhns had no interest in the property. (4) He raises this
contention despite the fact that, at the time Carnes and Bank One filed their pleas in abatement
and pleas to the jurisdiction, the probate court had declared that Kuhns had no interest in the
property. Although on appeal this Court has today modified the probate court's declaration that
Kuhns has no interest in the property to reflect that Kuhns has an equitable interest in the property
without a right to possession, Carnes's and Bank One's reliance on the probate court's declaration
did not amount to a bad faith representation. See Kuhns v. Ca