**Mattie Pearl STROUD, Relator,**

v.

**Honorable John R. LINDSEY, Respondent.**

**No. 2–87–235–CV.**

Court of Appeals of Texas, Fort Worth.

Jan. 21, 1988.

Jerry O'Neal, Weatherford, for relator.

McBryde & Bennett and James G. Bennett, Fort Worth, for real parties in interest.

Before FENDER, C.J., and HILL and FARRIS, JJ.

## OPINION

HILL, Justice.

In this original proceeding, Mattie Pearl Stroud seeks a writ of mandamus to compel the Honorable John R. Lindsey, Judge of the 271st District Court, to transfer a certain probate proceeding to the County Court at Law of Wise County, from which it had previously been transferred. Stroud contends that the district court lacks jurisdiction since section 5(c) of the Probate Code compels that such a proceeding be heard in the County Court at Law of Wise County, a statutory county court exercising the jurisdiction of a probate court.

We conditionally grant the writ, because we agree with Mattie Stroud's contention that the district court lacks jurisdiction over this matter because Wise County has a County Court at Law which exercises the jurisdiction of a probate court.

In October, 1983, Mattie Stroud filed an application to probate the will of Robert Clayton Stroud. She filed her application with the constitutional county court of Wise County, which subsequently transferred the proceeding to the County Court at Law of Wise County. Later, Norman C. Lee filed an Application for Probate of a Previously Revoked Will. He also filed his application in the constitutional county court of Wise County, which application the court also transferred to the County Court at Law of Wise County. The judge of the County Court at Law of Wise County subsequently transferred all proceedings to the 271st District Court. On June 26, 1987, Mattie Lee Stroud presented the district court with her Motion for Transfer for Want of Jurisdiction and requested remand of the cause to the County Court at Law of Wise County. Judge Lindsey has denied her motion.

Article V, section 8 of the Texas Constitution was amended in 1985. It now provides that, "District Court jurisdiction consists of exclusive, appellate, and original jurisdiction of all actions, proceedings, and remedies, except in cases where exclusive, appellate, or original jurisdiction may be conferred by this Constitution or other law on some other court...." TEX. CONST. art. V, sec. 8 (1891, amended 1985).

Section 5(c) of the Probate Code provides that "In those counties where there is a statutory probate court, county court at law, or other statutory court exercising the jurisdiction of a probate court, all applications, petitions and motions regarding probate ... shall be filed and heard in such courts and the constitutional county court, rather than in the district courts, unless otherwise provided by the legislature...." TEX.PROB.CODE ANN. sec. 5(c) (Vernon Supp.1988).

Wise County has a County Court at Law exercising the jurisdiction of a probate court. TEX.REV.CIV.STAT.ANN. art. 1970–374 (1979) (repealed 1987), now TEX. GOV'T CODE ANN. sec. 25.2512 (Vernon 1987).

In view of the provisions of article V, section 8 of the Constitution and section 5(c) of the Probate Code, we hold that the district court lacks jurisdiction over this cause, and that it therefore had a mandatory duty to transfer this cause to the County Court at Law of Wise County.

Norman C. Lee and L.W. Stroud, the real parties in interest, contend that the legislature authorized the district court to hear this case by virtue of section 7 of article 1970–374 (repealed 1987), now Government Code section 25.2512, which, at the time of the judge's decision, provided that "[T]he judges of the county court at law and the district courts may transfer cases to and from the dockets of their respective courts. However, no case may be transferred from one court to another court without the consent of the judge of the court to which it is transferred, and no case may be transfer-

red unless it is within the jurisdiction of the court to which it is transferred." TEX. REV.CIV.STAT.ANN. art. 1970–374 (Vernon Pamph.Supp.1988) (repealed 1987). Contrary to the claims of the real parties in interest, the statute by its terms makes clear that it does not confer any jurisdiction on the district court that is not already existing.

A writ of mandamus ordering the Honorable John R. Lindsey, Judge of the 271st District Court, to transfer Cause No. 17,-658 to the County Court at Law of Wise County will issue only if Judge Lindsey refuses to do so voluntarily.