**In re ESTATE OF E. Marie TORRANCE, Deceased, et al., Appellants,**

v.

**The STATE of Texas, Appellee.**

**No. 08–90–00349–CV.**

Court of Appeals of Texas, El Paso.

June 26, 1991.

Joe Ray Blalack, Jack M. Terry, Houston, for appellants.

Keith Wilson, Bell & Jatko, Odessa, Dan Morales, Atty. Gen. of Tex., Linda Shaunessy, Asst. Atty. Gen., Austin, for appellee.

Before FULLER, WOODARD and KOEHLER, JJ.

## OPINION

FULLER, Justice.

This is an appeal from a dismissal for want of jurisdiction of an application to determine heirship that was pending in the County Court at Law No. 2 of Ector County. We reverse.

The stated basis for dismissal was that the county court did not have jurisdiction of the application to determine heirship because the district court had entered a judgment of escheat in favor of the State of Texas.

## FACTS

E. Marie Torrance died intestate in New York, in May of 1959. On October 19, 1972, ancillary administration was instituted in Odessa, Texas, because of royalty interests owned by the deceased in Ector County. In the application, it was stated "to the best of belief" that the deceased was single at the time of her death and details of past marriages or children were unknown. The ancillary administration

was sought by the public administrator of the county of New York. Letters of administration were issued on October 16, 1972.

On January 15, 1974, the State of Texas was allowed to intervene and thereafter asserted that there were no heirs to the estate of E. Marie Torrance.

## HEIRSHIP PROCEEDINGS IN COUNTY COURT

*July 28, 1975*—"Petition and Application for Determination of Heirship of E. Marie Torrance, Deceased" was filed on behalf of claimed heirs of the deceased by "J. Thomas Price, Jr., individually and as agent in fact for the heirs of E. Marie Torrance. Attached to the petition and application is a list containing the names of fifty-six heirs.

## PROCEEDINGS IN DISTRICT COURT

*AUGUST 13, 1979*—Judgment was signed and entered in the 161st District Court of Ector County styled "The Estate of E. Marie Torrance, deceased vs. Gulf Oil Corporation." This judgment lists parties that were before the court when the case came to trial on June 26, 1979:

- Thomas I. Fitzgerald, ancillary administrator in Texas;
- The State of Texas;
- Gulf Oil Corporation;
- Unknown heirs of E. Marie Torrance, deceased, by and through their attorney ad litem; and
- Raymond Kelly.

The judgment then sets out that *"all other claimants and parties ... had previously withdrawn or abandoned their several claims ... or such claims have previously been held for naught by previous rulings of this court,...."* [Emphasis added].

This district court judgment escheated the property to the State effective as of May 23, 1959, the date of death of E. Marie Torrance.

The district court judgment is the only district court instrument before us and it notes that the district court was fully aware of the pending probate proceedings.

The judgment also refers to a prior judgment of the court dated January 19, 1979, in which the court made certain findings but that judgment of January 19, 1979, is not before us. The judgment refers to pleadings and evidence introduced but there is no statement of facts brought forward as to the district court action.

## RES JUDICATA AND COLLATERAL ESTOPPEL

The State contends that Appellants are barred by the doctrine of res judicata and collateral estoppel. The record before us can only be described as "pitiful" and it will not support the State's position. We are unable to determine all of the parties or claimants that were properly before the district court and or even what evidence was heard. What about the fifty-six claimed heirs that were named in the application for declaration of heirship in the probate court? Did they get notice of the district court action? We simply do not know. The State contends in their brief that the probate action as to heirship was transferred by "order" to the district court *but there is no transfer order in the record.* Therefore, the probate court had dominant jurisdiction. The State cannot and, in fact, does not assert that it was unaware of the probate action because it had intervened asserting its "no heirs" claim. However, the State then proceeded to seek relief in the district court knowing that there was on file in the probate court a contention of the possibility of the existence of fifty-six heirs.

The State of Texas, after being successful in the district court, then filed in the county court a plea to the jurisdiction and a motion for summary judgment on the basis the district court had already entered judgment finding no heirs existed and that the property was escheated to the State. The County Court at Law No. 2 granted the plea to the jurisdiction stating in its order that *"this court lacks jurisdiction over pending Applications for Determination of Heirship ... due to a judgment of escheat entered in the Ector County Dis-*

trict Court on June 26, 1979...." *[Emphasis added]*.

## POINTS OF ERROR

█ While Appellant has set forth some eight points of error, we find it necessary to address only the assertion that the trial court erred in granting the State of Texas' plea to the jurisdiction.

Considering the record before us, we do find that the trial court erred in granting the State's plea to the jurisdiction.

## DISCUSSION

█ When a person dies intestate owning or entitled to real property in Texas, the court of the county in which any of the real property is situated may hear proceedings to declare heirship. Tex.Prop.Code Ann. § 48 (Vernon 1980). The County Court at Law and the County Court at Law No. 2 in Ector County are statutory county courts. Tex.Gov't Code Ann. § 25.0701 (Vernon 1988). A statutory county court has jurisdiction over all causes and proceedings, original and appellate, prescribed by law for county courts. Tex.Gov't Code Ann. § 25.0003 (Vernon 1988). The county courts in Ector County, in addition to the jurisdiction provided by Section 25.0003 and other law, have concurrent jurisdiction with each other as well as the probate jurisdiction provided by general laws for county courts. Tex.Gov't Code Ann. § 25.0702 (Vernon Supp.1991). There is no concurrent jurisdiction with district courts for matters dealing with probate.

█ A statutory probate court has the general jurisdiction of probate court as provided by the Texas Probate Code. Tex.Gov't Code Ann. § 25.0021 (Vernon 1988). Statutory probate courts have original jurisdiction to hear all matters incident to an estate. Tex.Prop.Code Ann. § 5(e) (Vernon 1980). Such jurisdiction requires the filing and hearing of all applications, rather than jurisdiction being in the district courts. Tex.Prob.Code Ann. § 5(c) (Vernon 1980). The phrase "incident to an estate" includes, among others, *the determination of heirship*, all actions for trial of title to land incident to an estate, all actions for trial of the right of property incident to an estate and generally all matters relating to the settlement, partition and distribution of estates of deceased persons. Tex.Prop.Code Ann. § 5A(a) (Vernon 1980).

█ The judgment of the court in a proceeding to declare heirship shall be a final judgment, and may be appealed or reviewed in the same manner as any other judgment in probate matters at the instance of any interested party. Tex.Prop. Code Ann. § 55(a) (Vernon 1980). If the State claims that an estate that *has been administered in probate court* in this State is subject to escheat, the State may have the judgment of the probate court reviewed by filing in the district court alleging that the administration of the estate was obtained by fraud or mistake of fact. Tex.Prop.Code Ann. § 71.006(a) (Vernon 1984). The review of the case shall be tried in accordance with the law for the revision and correction of a decree of the probate court. Tex.Prop.Code Ann. § 71.-006(b) (Vernon 1984).

The State relies on the Texas Constitution art. 5, § 8, for jurisdiction of the district court. Tex.Gov't Code Ann. § 24.007 (Vernon 1988). This section, since the 1985 amendment, provides the district court with exclusive, appellate and original jurisdiction of all actions, proceedings and remedies, "except in cases where exclusive, appellate or original jurisdiction may be conferred by this Constitution or other law on some other court." Tex.Const. art. V, § 8 (1891, amended 1985); *Stroud v. Lindsey*, 743 S.W.2d 776 (Tex.App.—Fort Worth 1988, no writ). In the instant case, the legislature has conferred probate jurisdiction on the county courts of Ector County.

█ Exclusive original jurisdiction to determine heirship is conferred upon the county court sitting in probate, and the district court has no such original jurisdiction. *Trevino v. Lerma*, 486 S.W.2d 199 (Tex.Civ.App.—Beaumont 1972 no writ); *Bell v. Hinkle*, 562 S.W.2d 35 (Tex.Civ. App.—Houston [14th Dist.] 1978, writ ref'd n.r.e.). Where the cause of action deals

with "matters incident to an estate," this includes an action to determine heirship.

In the instant case, there must first be a determination of heirship before there could be a determination of escheat to the State for lack of heirs. Where the suit is one for determination of heirship, the district court does not have jurisdiction. *Thomas v. Tollon*, 609 S.W.2d 859 (Tex. Civ.App.—Houston [14th Dist.] 1980, writ ref'd n.r.e.). Original jurisdiction was in the probate court in Ector County.

## CONCLUSION

We therefore find that the probate court had acquired exclusive jurisdiction to determine heirship. The court erred in concluding that it did not.

We reverse the judgment of the County Court at Law No. 2 and remand the case for determination of heirship.