TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







ON MOTION FOR REHEARING








 
 

NO. 03-01-00402-CV



 
 




Dessie Maria Andrews and Dan Parkhurst, Appellants



v.



Timothy C. Smith, Independent Executor of the Estate of William F. Baska, Deceased


Appellee







FROM THE DISTRICT COURT OF BURNET COUNTY, 33RD JUDICIAL DISTRICT


NO. 20,808, HONORABLE GUILFORD L. JONES, III, JUDGE PRESIDING 





 We withdraw our opinion and judgment dated March 28, 2002 and the following
opinion is substituted.

 Dessie Maria Andrews (1) and Dan Parkhurst appeal from a default judgment favoring
Timothy C. Smith, the independent executor of the Estate of William F. Baska. Parkhurst has not
filed a brief; he has thereby waived all complaints. See Tex. R. App. P. 38.8(a)(3). Andrews
contends that the district court lacked jurisdiction, erred by finding that Andrews had a fiduciary duty
to Smith, and erred by awarding property to Smith. We affirm the judgment.


BACKGROUND


 Baska died on March 25, 2001 at his home in Spicewood, Burnet County, Texas. In
his will, Baska named Smith his sole heir and the independent executor of his estate. 

 Baska's estate (2) sued Andrews, Parkhurst, and the LCS Trust, seeking recovery of
money, property, and land that Smith alleged they took improperly before and after Baska's death. 
Smith alleged that Andrews, acting as Baska's financial advisor, breached a fiduciary duty to Baska
by structuring bank accounts so that she could transfer funds from Baska's accounts into accounts
she controlled as part of the Trust, which Smith alleges to be a fiction. Smith further alleged that
appellants converted Baska's personal property by removing it from his home after his death. Smith
sought to set aside a deed transferring real estate from Baska to the Trust, alleging that the Trust did
not exist, Baska was not mentally competent when he signed the deed, the Trust did not pay
consideration for the deed, and the Trust obtained the deed in violation of Andrews's fiduciary duty
as a financial consultant. Smith sought exemplary damages and attorney's fees, as well as a
temporary injunction requiring the return of personal property and money and the non-interference
with Smith's use of the real estate.

 On May 10, 2001, after a hearing at which all parties appeared, the district court
granted a temporary injunction. It restrained Andrews and Parkhurst from disposing, selling, or
hiding any of the personal property listed in Smith's petition. It restrained them from transferring,
disposing, conveying, or moving funds held in the name of the Trust that originated from Baska. It
also restrained them from taking possession of, exercising control of, transferring, or conveying the
real estate. The court ordered them to surrender Baska's personal property to Smith in his role as
executor by May 11, 2001, and ordered Smith to preserve the property during the pendency of this
suit. It also ordered Andrews to account, by May 24, 2001, for all of Baska's funds deposited in the
accounts.

 Alleging that Andrews did not comply with the order to turn over the personal
property, Smith sought to enforce the injunction. After Andrews failed to appear at the June 14,
2001 hearing, the district court on June 21, 2001 signed an order of attachment of her person for a
hearing on July 2, 2001 regarding contempt charges. On June 29, 2001, however, Andrews filed a
notice of interlocutory appeal from the June 21 order of attachment.

 While her interlocutory appeal of the order of attachment was pending, the district
court proceeded on August 6, 2001 to consider the merits of the underlying cause. The judgment,
signed September 28, 2001, recites that both Andrews and Parkhurst were duly and properly notified
of the trial, but neither appeared. The district court rendered a default judgment in favor of Smith. 
The court found that:



 the Trust was null and void and did not exist by law;




 Andrews was in a fiduciary relationship with Baska and that she committed
constructive fraud by breaching that relationship;

 Andrews and Parkhurst converted personal property belonging to Baska; 

 any property held in the name of the Trust that originally belonged to Baska was
actually subject to the legal control of Smith, as executor of Baska's estate;

 a power of attorney from Baska held by Andrews was void; and

 any documents by which Andrews purported to use that power to convey Baska's
property were void.



The court accordingly set aside the deed transferring real estate from Baska to the Trust and declared
a list of personal property (that the court had previously ordered Andrews and Parkhurst to surrender
to Smith) that belonged to the Estate. The court ordered Andrews to pay $47,332.44 to Smith. It
awarded Smith $8400 in attorney's fees owed jointly by Andrews and Parkhurst, with additional fees
for appeals. The court awarded Smith $200,000 from Andrews and $10,000 from Parkhurst in
exemplary damages. The judgment also contained various provisions for its enforcement.

 Andrews and Parkhurst then filed notices of appeal from the final judgment. 


DISCUSSION


 Andrews presents three issues for review on appeal. She complains that the district
court had no jurisdiction over this cause, the district court erroneously allowed Smith to recover
against her for breach of fiduciary duty, and the evidence did not support the district court's rendition
of a temporary restraining order or the judgment against her for conversion or breach of warranty. 
Andrews also contends that the court erred by voiding the Trust, setting aside a deed, and enriching
Smith.

 Andrews contends that, because Smith's claims were incident to an estate that was
in probate in the county court, the district court did not have jurisdiction over the Estate's claims. (3)

 But for the involvement of the Estate, the district court undisputedly would have
jurisdiction over these causes of action. "District Court jurisdiction consists of exclusive, appellate,
and original jurisdiction of all actions, proceedings, and remedies, except in cases where exclusive,
appellate, or original jurisdiction may be conferred by this Constitution or other law on some other
court, tribunal, or administrative body." Tex. Const. art. 5, § 8. The question is whether the filing
of the will for probate in the county court made the county court the exclusive or dominant forum
for all actions related to the probate of the will.

 The Legislature has conferred on county courts the general jurisdiction of a probate
court. Tex. Prob. Code Ann. § 4 (West Supp. 2002). The county court "shall . . . transact all
business appertaining to estates subject to administration, including the settlement, partition, and
distribution of such estates." Id. In county courts, "appertaining to estates" includes "all claims by
or against an estate." Id. § 5A(a). In counties such as Burnet in which there is no statutory court
exercising probate jurisdiction, (4) "all applications, petitions, and motions regarding probate and
administrations shall be filed and heard in the county court," except when the county court transfers
contested proceedings to a district court either on its own motion or upon the motion of a party. 
Id. § 5(b). Testators appointing independent executors may do as Baska did and direct that no action
be had in county court in relation to the settlement of the estate other than the probating and
recording of the will and the return of a statutory inventory, appraisement, and list of claims of the
estate. See id. § 145(b).

 Courts have held that the district and county courts have concurrent jurisdiction over
matters appertaining to an estate, with the county courts having dominant jurisdiction. See Green
v. Watson, 860 S.W.2d 238, 242-43 (Tex. App.--Austin 1993, no pet.) (considering statutory county
and probate courts); see also Carroll v. Carroll, 893 S.W.2d 62, 66 (Tex. App.--Corpus Christi
1994, no pet.); Smith v. Smith, 694 S.W.2d 426, 430 (Tex. App.--Tyler 1985, writ ref'd n.r.e.). But
see Bailey v. Cherokee County Appraisal Dist., 862 S.W.2d 581, 585 (Tex. 1993) (tax suit against
estate must be in statutory court exercising probate jurisdiction, not district court); Saenz v. Saenz,
49 S.W.3d 447, 449 (Tex. App.--San Antonio 2001, no pet.); Estate of Torrance v. State, 812
S.W.2d 393, 396 (Tex. App.--El Paso 1991, no writ) (no concurrent jurisdiction between district
and county courts for matters dealing with probate). Rejecting assertions that the district court
lacked jurisdiction to adjudicate a dispute because of the pendency of a probate proceeding in a
constitutional county court, the Corpus Christi court held that the district court had jurisdiction. See
Carroll, 893 S.W.2d at 66 (original suit regarding land title appropriately filed in district court). Cf.
Herbst v. Sheppard, 995 S.W.2d 310, 313-14 (Tex. App.--Corpus Christi 1999, pet. denied) (suit
regarding claim against estate tried in district court after transfer from county court not barred by
Probate Code section 145). 

 We conclude that, although Smith did not follow the correct procedure to have the
district court hear this suit, the district court did not err reversibly by exercising jurisdiction over it. 
The Probate Code requires that the county court "shall on the motion of any party to the proceeding
. . . transfer the contested portion of the proceeding to the district court, which may then hear
contested matter as if originally filed in district court." Tex. Prob. Code Ann. § 5(b). This contrasts
with the situation in counties with county courts at law empowered to hear probate issues; in those
counties, most probate-related disputes expressly cannot be filed in or transferred to district courts. 
Id. § 5(c). This difference distinguishes this case from Bailey, in which the supreme court held that
a district court lacked jurisdiction over a tax suit against an estate. See 862 S.W.2d at 585. Under
section 5(c), the pendency of a probate proceeding in the county court at law meant that probate-related issues could not be tried in district court in Cherokee County. Id.; see also Tex. Prob. Code
Ann. § 5(c). By contrast, if Smith had filed this suit in the Burnet County Court along with a motion
to transfer the suit to the district court, section 5(b) would have required the county court to transfer
the suit to the district court. Tex. Prob. Code Ann. § 5(b). Andrews could not have blocked the
transfer of the suit. Smith's bypass of the transfer process did not harm Andrews. Smith was
entitled to have the district court hear the dispute, and the direct filing of the suit in the district court
did not deprive Andrews of any rights or defenses available if the case had been filed in and
transferred from county court. Although we do not encourage this procedure, we find no harm
resulting from it on these facts.

 Andrews also argues that the district court never obtained power over the property
because it was owned by the Trust, which was not a party to this suit. As discussed above, the
district court had subject-matter jurisdiction. Venue was proper in Burnet County based on the
location alleged for the real estate, the conversion, and the breach of fiduciary duty. See Tex. Civ.
Prac. & Rem. Code Ann. §§ 15.002(a)(1) ("lawsuits shall be brought: (1) in the county in which all
or a substantial part of the events or omissions giving rise to the claim occurred") & 15.011 
("Actions for recovery of real property or an estate or interest in real property . . . to remove
encumbrances from the title to real property . . . shall be brought in the county in which all or a part
of the property is located.") (West Supp. 2002). The removal of the personal property from Burnet
County pursuant to the alleged wrongdoing did not undo the establishment of venue in Burnet
County. The district court in Burnet County had jurisdiction and was the proper venue. Contrary
to Andrews's contention, the district court had jurisdiction to issue a temporary restraining order.

 Andrews argues that the substitution of Smith for the Estate in the style of the case
dismissed the Estate. An estate, however, cannot sue or be sued except through its representative. 
Price v. Estate of Anderson, 522 S.W.2d 690, 691 (Tex. 1975). Smith participated from the outset
of the case in his capacity as executor of the Estate, validating the inception and conduct of the suit
by the Estate; the restyling of the case merely adopted the proper style. See Dueitt v. Dueitt, 802
S.W.2d 859, 861 (Tex. App.--Houston [1st Dist.] 1991, no pet.). The replacement of the Estate as
a party by Smith in his representative capacity in the style of the case did not, as Andrews contends,
negate the cause of action. 

 Andrews argues that Smith lacked standing to make claims on Baska's behalf. Smith
was not making claims as an individual, but as the representative of Baska's estate. As personal
representative of the Estate, (5) Smith was required to "use ordinary diligence to collect all claims and
debts due the estate and to recover possession of all property of the estate to which its owners have
claim or title." Tex. Prob. Code Ann. § 233(a). The Code also provides that "[s]uits for the recovery
of personal property, debts, or damages and suits for title or possession of lands or for any right
attached to or growing out of the same or for injury or damage done thereto may be instituted by
executors or administrators appointed in this state . . . ." Id. § 233A. Smith not only had standing
to make claims on behalf of Baska's estate, his role as independent executor required that he do so
under the circumstances he perceived.

 Smith's role as independent executor defeats Andrews's claim that she could not be
liable to him because she had no fiduciary duty toward him. Smith does not claim that Andrews
owed him a duty. He claims on behalf of Baska's estate that Andrews breached a fiduciary duty
owed to Baska, and thereby deprived Baska (and accordingly the estate) of property. Andrews's
claim that she owes a fiduciary duty only to the beneficiary of the estate may be true within her role
as trustee; that does not prevent her from also having had a fiduciary responsibility to Baska as his
financial advisor.

 Andrews questions whether the affidavit presented to the court supported a temporary
restraining order. This challenge is moot because the temporary restraining order is no longer in
effect. See Hermann Hosp. v. Tran, 730 S.W.2d 56, 57 (Tex. App.--Houston [14th Dist.] 1987, no
writ) (temporary restraining order expired by its own terms rendered moot). The district court signed
the TRO on April 25, 2001. The TRO was set to expire upon further order of the court or operation
of law; such orders last only fourteen days unless the court extends the time. See Tex. R. Civ. P.
680. The court did not extend the time. Rather, the court held a hearing and, on May 10, 2001,
signed a temporary injunction. That injunction continued in effect until further order of the court. 
On August 6, 2001, the court held a trial and, on September 28, 2001, the court signed the final
judgment. The temporary injunction accordingly is also moot. Andrews does not assert that any
harm from the temporary restraining order persists; she never complied with it or the temporary
injunction. Because subsequent orders, supported by evidence, supplanted the TRO, Andrews's
complaint about the evidentiary support for the TRO is moot.

 Andrews also asks whether the Trust has claim over the property superior to Smith's
claim. To prove conversion, a plaintiff must prove that 


 (1) the plaintiff owned or had legal possession of the property or entitlement to
possession; (2) the defendant unlawfully and without authorization assumed and
exercised dominion and control over the property to the exclusion of, or inconsistent
with the plaintiff's rights as an owner; (3) the plaintiff demanded return of the
property; and (4) the defendant refused to return the property. 


Apple Imports, Inc. v. Koole, 945 S.W.2d 895, 899 (Tex. App.--Austin 1997, writ denied). The
conversion cause of action affects only the personal property, including a truck, several firearms, a
computer, and possibly other items; it does not pertain to the funds, which are covered by the breach
of fiduciary duty claim, or the claim that the deed to the real property should be set aside. Smith
alleged that, after Baska's death, Andrews and Parkhurst went to Baska's house and removed the
listed property. Andrews testified and presented a document at the hearing on the temporary
injunction purporting to show that Baska had sold all personal property to the Trust for $100. Smith
testified that he believed that the signature on the document was forged. By failing to respond to
requests for admission, Andrews is deemed to have admitted that she forged the signature. See Tex.
R. Civ. P. 198.2(c). She is also deemed to have admitted that Baska owned the property until his
death and that Smith was entitled to inherit it. After Baska's death, then, the property belonged to
his estate. The evidence supports the court's conclusion that Andrews converted the Estate's
property. As discussed above, Smith, as independent executor, was entitled and required to attempt
to recover this property. Based on the judgment, the Estate's right to possess the personal property
is superior to that of the Trust. 

 Andrews also questions whether the judgment on the conversion cause of action
enriched Smith. She argues that a court cannot award judgment both for property and for the value
of the property. The judgment in this case does not do that. The money judgment for $47,332.44
relates to funds transferred in bank accounts. The money judgment is not compensation for the
personal property that the court ordered Andrews to return to the Estate. Smith's claim that the funds
and the property taken by Andrews belong to the Estate was unrebutted because Andrews chose not
to appear at the trial to rebut his evidence. The court has not awarded a double recovery for the
property. Although the judgment may eventually increase Smith's wealth, it does not enrich him
unjustly under the evidence presented. 

 Andrews argues in the concluding paragraph of her brief that Baska deeded property
to the Trust beginning in 1997 based on an agreement negotiated by Smith's attorney. She contends
that Baska disinherited Smith after Smith denied Baska access to a truck Baska had assigned to him. 
These contentions are not supported by evidence from the record.

 Andrews argues on rehearing that she never received the requests for admission or
notice of the trial date. She submits an affidavit to that effect. She also submits copies of reports
from the postal service she contends prove that the mail receipts Smith used to show that she
received the requests and trial notice did not pass through the mail. She contends the admissions and
the default judgment should be set aside because of this evidence. These are challenges on which
evidence needed to be heard at the trial level and on which a motion for new trial had to be filed. 
See Tex. R. Civ. P. 324(b)(1). The appellate rules also require that alleged errors be presented to the
trial court before the appellate court can consider them. See Tex. R. App. P. 33.1. The clerk's record
in this case does not contain a motion for new trial directed at the default judgment. The failure to
present these contentions to the district court prevented Smith from challenging her contentions and
developing a factual record on them, and prevented the district court from addressing her concerns. 
We cannot consider these arguments and exhibits for the first time on appeal. See id.; see also
Ramex Const. Co. v. Tamcon Servs. Inc., 29 S.W.3d 135, 138 (Tex. App.--Houston [14th Dist.]
2000, no pet.).

 Andrews complains that she was not aware of these deficiencies in Smith's proof
until the reporter's record of the default judgment hearing was prepared in late February 2002. The
trial was on August 6, 2001 and district court signed the judgment on September 28, 2001. Andrews
says that she learned about the judgment on October 18, 2001. She had until October 29, 2001 in
which to file a motion for new trial, and the court would not have had to rule on the motion until
December 12, 2001. See Tex. R. Civ. P. 324(b)(1); 329b(a), (c). She had time to get the reporter's
record prepared and present these complaints to the district court for development and remedy there. 
She did not. The appellate record does not present grounds for reversal.


CONCLUSION


 Because Andrews failed to appear at the trial, the only evidence in the record
supports the judgment regarding the property of the Estate. Because she failed to file a motion for
new trial and request a hearing thereon, she did not give the district court the opportunity to resolve
any issues regarding service of discovery or notice of trial. We resolve all issues in favor of the
judgment.

 We affirm the judgment.



 

 Jan P. Patterson, Justice

Before Justices Kidd, Patterson and Puryear

Affirmed

Filed: May 23, 2002

Do Not Publish
1. Andrews was also referred to by the middle name "Marie" at times in the district court. 
She was sued "individually and as purported trustee of an alleged LCS Trust" but, because her notice
of appeal does not mention her capacity as trustee, this appeal is taken only in her individual
capacity.
2. The original petition stated that "Plaintiff is the Estate of William F. Baska, Deceased,
represented herein by and through TIMOTHY C. SMITH, Independent Executor . . . ." Smith, acting
as independent executor for the Estate, later replaced the Estate as named plaintiff. Smith appears
in this suit only as the independent executor and not in his individual capacity.
3. Andrews challenged the district court's power to proceed at the trial phase. By her motion
to abate, she contended that the Estate lacked standing to sue; that problem was resolved within
hours by the substitution of Smith as plaintiff. By her plea to the jurisdiction, Andrews contended
that the probate action in the county court stripped the district court of jurisdiction and that the
county court's jurisdiction was dominant. The court did not rule on the plea to the jurisdiction. 
4. Although the Legislature in 1997 authorized creation of a county court at law for Burnet
County in 1997, see Tex. Gov't Code Ann. § 25.0292 (West Supp. 2002), it is undisputed that the
court did not exist during the pendency of this suit below.
5. The definition of personal representative includes independent executor. Tex. Prob. Code
Ann. § 3(aa) (West Supp. 2002).